747 So.2d 1200 (1999)
Frank MANALE
v.
EXECUTIVE HEALTHCARE RECRUITERS, INC. and Kimberly Quality Care, et al.
No. 98-C-2652.
Court of Appeal of Louisiana, Fourth Circuit.
November 18, 1999.
*1201 Arthur J. O'Keefe, Law Offices of Arthur J. O'Keefe, New Orleans, La., Counsel for Plaintiff/Respondent.
Ryan Griffitts, Harold Koretzky, Elvige C. Richards, Carver, Darden, Koretzky, Tessier, Finn, Blossman & Areaux, New Orleans, Louisiana, Counsel for Defendant/Relators.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge MIRIAM G. WALTZER.
ARMSTRONG, Judge.
In this writ application, the defendants-relators seek review of a trial court judgment refusing to dismiss this action as abandoned. Previously, we denied the writ application. The relators then sought writs from the Supreme Court which remanded the matter to this court for briefing, argument and an opinion. The parties have filed new briefs, oral argument has been heard and we now render this opinion. Because, under the facts as found by the trial court, which factual findings have not been shown to be clearly erroneous, there was not a five year hiatus in the trial court proceedings, we deny defendants-relators request for relief. Suit was filed by the plaintiff-respondent, Frank Manale, on August 28, 1992. The defendants-relators, Executive Healthcare Recruiters, Inc. and Kimberly Quality Care, responded with several exceptions. Thereafter the following sequence of events ensued:
On February 18, 1993, the defendants-relators served a response to the plaintiff-respondent's requests for production and served the defendants-relators' own interrogatories and request for production.
On March 5, 1993 the defendants-relators served a supplemental response to the plaintiff-respondent's discovery requests.
On March 4 or 5, 1993 plaintiff-respondent mailed to the court an unopposed *1202 motion (which was received and filed March 8, 1993) to continue the hearing on defendants-relators' exceptions from March 5, 1993 to April 30, 1993. That motion was granted on March 8, 1993.
On April 16, 1993 the defendants-relators filed a letter with the trial court confirming that the hearing on their exceptions was continued until May 28, 1993.
On May 17, 1993, the defendants-relators filed with the trial court a letter continuing without date the hearing on their exceptions.
On March 3, 1998 plaintiff-respondent served requests for production of documents.
On May 13, 1998 plaintiff-respondent again served (this time by fax) requests for production of documents.
An action is deemed abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. La.Code Civ. Proc. art. 561. Under Article 561, three things are required to avoid abandonment of a suit: (1) that there be a "step" in the prosecution or defense of the suit; (2) that the "step" be taken in the trial court; and (3) the "step" be taken within five years of the last previous "step." E.g., Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La. 1983); Modeliste v. Sehorn, 94-1994 (La. App. 4 Cir. 3/29/95), 653 So.2d 753, 755. Before an action can be dismissed as abandoned under Article 561, it must be certain that the claim is not being seriously pursued. Jefferson Indoor Shooting Center, Inc. v. New Orleans Sports, Inc., 95-1978, 95-1979 (La.App. 4 Cir. 3/14/96), 671 So.2d 976, 978. Article 561 is to be liberally construed and any action or step taken to move the case toward judgment must be considered. Id. The law favors maintaining an action whenever possible, so that a party may have its day in court, and Article 561 is not designed to dismiss cases on technicalities. Id.
Of particular importance to the present case is Article 1474. C(4) of the Code of Civil Procedure which provides:
The serving of any discovery materials [including discovery requests and responses] pursuant to the provisions of this Article shall be considered a step in the prosecution or defense of an action for purposes of Article 561, notwithstanding that such discovery materials are not filed in the record of the proceedings.
See also Charpentier v. Goudeau, 93-2357 (La.App. 4 Cir. 3/14/96), 671 So.2d 981 (pursuant to Article 1474 C(4), mailing of interrogatory was step in prosecution of case under Article 561).
On March 5, 1993, the defendants-relators served a supplemental response to plaintiff respondent's discovery requests. Not quite five years later, on March 3, 1998, the plaintiff-respondent served further discovery requests upon the defendants-relators. Under Article 1474 C(4), the March 5, 1993 discovery response and the March 3, 1998 discovery requests were "steps" under article 561 and, because they came less than five years apart, we cannot conclude that this action was abandoned pursuant to Article 561.
The defendants-relators complain, in a footnote in their reply brief, that the plaintiff-relator did not raise the March 5, 1993 supplemental discovery response as a "step" under Article 561 until the filing of the briefs in this court upon remand from the Supreme Court. Assuming that is correct, we believe it is of no consequence. As the mover in the trial court, and as the relators before this court, it was the responsibility of the defendants-relators to call the pertinent facts, including the March 5, 1993 supplemental discovery response, to the attention of the trial court and this court. Thus, there was an oversight, no doubt inadvertent and due to the long period of time elapsed, on the part of both parties with respect to the March 5, 1993 supplemental discovery response.
*1203 With respect to the March 3, 1998 discovery request, the defendant-relators very briefly assert, in a footnote in their original brief, that they never received any discovery dated March 3, 1998. However, the trial court's judgment specifically finds that there were "March 3, 1998 discovery request for production of documents by Frank Manale" and the defendants-relators have pointed to no evidence showing this factual finding of the trial court to be clearly wrong/manifestly erroneous.
For the foregoing reasons, we deny relief to the relators. The judgment of the trial court declining to dismiss this action as abandoned pursuant to Article 561 is correct.
WRIT DENIED.