803 So.2d 1067 (2001)
Minor JOHNSON, Plaintiff-Appellant,
v.
BERG MECHANICAL INDUSTRIES and Atlas Processing Company, Defendant-Appellee.
No. 35,290-CA.
Court of Appeal of Louisiana, Second Circuit.
December 19, 2001.
*1068 David Noles, Shreveport, Counsel for Appellant.
Danny Lazarus, Plaintiff-Appellee.
Greer & Frazier, by John Frazier, Counsel for Appellee Berg, Inc.
Smitherman Law Firm, by W James Hill, III, Shreveport, Counsel for Appellee Atlas Processing Co.
Before WILLIAMS, STEWART and DREW, JJ.
DREW, J.
The primary issue in this appeal by Minor Johnson is whether the trial court erred in dismissing his tort action as abandoned. The plaintiff also complained that the trial court incorrectly declined to hold a hearing to consider the ex parte motion *1069 for dismissal. For the following reasons, the judgment is reversed and the matter is remanded for further proceedings.
An employee of Berg, Inc., Minor Johnson along with other Berg employees was removing old pipe from underground at the Atlas refinery in Shreveport on September 20, 1995. He was not wearing a respirator or protective clothing when he allegedly was exposed to Benzine. According to Johnson, he became very ill and has been unable to work since. On September 19, 1996, Johnson filed both a worker's compensation claim and a tort suit, both alleging the same causes and facts.
 Procedural History in the Tort Suit
September 19, 1996 Johnson and Danny Lazarus filed petition for damages against Berg
 and Atlas in the First Judicial District Court. (The worker's
 compensation claim was filed the same day.)
October 9, 1996 Berg filed motion for Extension of Time in which to Plead and
 request for Ten Days Notice of Setting and Notice of Judgment
October 16, 1996 Atlas filed Answers to Petition for Damages, Cross Claim against
 Berg, Inc. and Third Party Demand against Zurich-American Insurance
 Company along with request for Ten Days Notice of Setting
 and Notice of Judgment
October 28, 1996 Berg filed Answer to Atlas' Third Party Demand and Answer to
 Johnson's Petition for Damages
October 28, 1996 Zurich America Insurance Co. answered Atlas' Third Party Demand
December 4, 1996 Jury Order (signed Dec. 3) filed into record
December 1, 1997 Don H. Johnson filed Motion to Withdraw as Counsel for Minor
 Johnson
April 14, 1998 Don H. Johnson filed Motion to Withdraw as Counsel for Danny
 Lazarus
August 7, 1998 David A. Lowe filed Motion and Order to Enroll as Counsel fo
 Record for Minor Johnson along with a Request for Notice of Trial
 Date, Hearings, Orders, Judgments, Interlocutory Decrees and any
 and all formal steps
August 10, 1998 Order enrolling David Lowe as counsel for Minor Johnson signed
 Nov. 1998-Sept. 1999
 Nine Depositions taken in Worker's Comp. Action
February 10, 2000 David A. Lowe filed Motion to Withdraw as Counsel for Minor
 Johnson
November 14, 2000 Atlas filed Ex Parte Motion to Dismiss for Abandonment and Order
 to Dismiss signed by Judge Frank Thaxton
December 14, 2000 David B. Noles filed a Rule on behalf of Minor Johnson to Show
 Cause Why Ex Parte Dismissal Should Not Be Vacated; Judge
 Thaxton signed Order and set hearing on January 8, 2001 and
 advised the matter to be submitted on briefs without oral argument
*1070
January 5, 2001 Atlas filed Memorandum in Opposition to Rule to Show Cause Why
 Ex Parte Dismissal Should Not Be Vacated
January 16, 2001 Judge Thaxton signed Judgment denying Rule to Show Cause Why
 Ex Parte Dismissal Should Not Be Vacated
January 18, 2001 Notice of Judgment to David Lowe and John Frazier, attorney for
 Berg, Inc.
February 16, 2001 Notice of Judgment to Minor Johnson
March 13, 2001 Appeal by Minor Johnson

DISCUSSION
La. C.C.P. art. 561 states, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years,   
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
La. C.C.P. art. 1446(D) states:
D. The taking of a deposition shall be considered a step in the prosecution or defense of an action for the purposes of Article 561, notwithstanding that the deposition is not filed in the record of the proceedings.
Abandonment was discussed at great length in Clark v. State Farm, 2000-30 (La.5/15/01), 785 So.2d 779.[1] La. C.C.P. art. 561 imposes three requirements. (1) Plaintiffs must take some "step" in prosecuting their lawsuit. A "step" is formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. (2) Aside from the exception of formal discovery, the step must be taken in the proceeding and appear in the record of the suit. (3) The step must be within the legislatively prescribed time period of the last step taken by either party. Sufficient action by plaintiff or defendant is a step.
Abandonment under art. 561 is self-executing and occurs automatically when three years passes without a step being taken by either party. The abandonment is effective without a court order. The article provides the defendant with the proper procedure to obtain an ex parte order of dismissal along with the means for a plaintiff to rule the defendant into court to show cause why the ex parte *1071 dismissal should be vacated, Clark v. State Farm, supra. The trial court may order a contradictory hearing prior to the dismissal. La. C.C.P. art. 561(A)(2).
C.C.P. art. 561 is to be liberally construed in favor of maintaining a plaintiffs action. Form should not be permitted to prevail over substance in determining whether a suit has been abandoned. Abandonment is not meant to dismiss actions on mere technicalities, but is designed to dismiss actions which, in fact, clearly have been abandoned. Clark v. State Farm, supra.
Noting that abandonment is not a punitive concept, the Clark opinion stated that abandonment balances two equally compelling policy considerations: (1) the goal that every litigant have his day in court and not lose that by some technical carelessness and (2) the legislative purpose that after filing, suits should not linger indefinitely. The latter consideration parallels policy regarding prescription; i.e., promotion of legal finality, barring of stale claims and prevention of prejudice to defendants. Abandonment is a form of liberative prescription that exists independently from the prescription applicable to the underlying substantive claim. Abandonment has been construed to be subject to prescription-based exceptions, one of which is waiver of abandonment by the defendant based upon acknowledgment. Clark v. State Farm, supra.
After settling with the negligent driver for his damages in an auto accident, Clark, on January 16, 1996, sued State Farm, the UM carrier for both himself and the driver of the vehicle in which he rode. He requested service be withheld but provided a courtesy copy to State Farm. On October 14, 1996, State Farm made an unconditional tender of $3000 to Clark pursuant to La. R.S. 22:658. On June 15, 1999, Clark filed the check and tender letter into the record and also requested service of process be made. On August 2, 1999, State Farm filed a motion and order to dismiss Clark's suit on abandonment. After dismissing the suit, the trial court reinstated the suit on March 6, 2000. State Farm sought supervisory review by this court which granted the writ and held that the suit had been abandoned.
The supreme court rejected this court's conclusion that the unconditional tender of a payment to Clark, outside the record, was a form of negotiation and was not a step in the prosecution of this case. Instead, the court held that the defendant's making the unconditional tender during the running of the 3-year abandonment period was a waiver of abandonment which could be established by evidence outside the court record. A tacit acknowledgment can occur when the defendant made reparation, in part by an unconditional payment which lulled the plaintiff into thinking he would not contest liability. In the Clark case, the defendant derived benefit because the payment protected the defendant's interests and placed defendant in a position to avoid possible penalties and attorney's fees at the conclusion of the case. La. R.S. 22:658. In remanding the Clark litigation to the district court for further proceedings, the court stated:
Equity dictates recognizing the tender as an acknowledgment and thus within the waiver exception, which results in an interruption of abandonment and a recommencement of the abandonment period from the date of the tender. To place itself in a position where its post-trial exposure for penalties and attorney's fees is limited and thereby protecting its own interest, defendant made a tender to plaintiff. It would be inequitable to allow defendant to obtain that protection, yet to disallow plaintiff to invoke the tender as a basis for avoiding dismissal on abandonment. This result is consistent with the policy considerations *1072 underlying abandonment that require any doubt be construed in favor of maintaining a plaintiff's action.

785 So.2d at p. 793. (Emphasis added.)
Johnson contended that nine depositions between November 1998 and September 1999 were taken to advance the prosecution of both the tort and the worker's compensation actions, although the depositions referred only to the worker's compensation action. According to Johnson, his attorney told him the depositions were taken for use in both the tort and the worker's compensation actions and should have been noticed in both the worker's compensation and tort actions. In Johnson's view, he should not be penalized for his lawyer's failure.
Johnson noted that an attorney for the defendant, Atlas, which was not a party to the worker's compensation claim, attended all the depositions.[2] Until the Motion for Abandonment was filed, Johnson stated in brief he was unaware that the depositions were not properly cross-referenced in the tort action as steps in the prosecution of that matter. Johnson contended that these depositions should interrupt the prescription and his tort suit should not have been dismissed as abandoned.
Citing then Judge Victory's opinion in Haisty v. State of La., DOTD, 25,670 (La. App.2d Cir.3/30/94), 634 So.2d 919, the defendants argued that in order to interrupt the three-year period for abandonment, three things must occur; i.e., (1) a formal action before the court, (2) must be taken in the proceeding (3) within the prescriptive period. The Haisty action was filed 9/5/86. DOTD answered and propounded interrogatories. The plaintiff sought a protective order on 8/18/87. Thereafter on 7/15/88, DOTD filed a Request for Notice of Judgment and Hearing and other information. On 9/26/88, DOTD's counsel withdrew, since the Attorney General was designated by statute to represent DOTD. On 1/28/93, in a joint motion, Haisty's original attorney was replaced by another who enrolled. On 3/22/93, DOTD filed a motion to dismiss as abandoned. This court held that the last step in the prosecution of the matter was plaintiffs motion for a protective order. The subsequent actions by both sides were characterized as preparatory steps to grant counsel the right to take steps in the prosecution of the case. The matter was dismissed as abandoned.
Defendants acknowledged that depositions were taken in the worker's compensation action. According to the defendants, it was clearly understood that the depositions which were noticed only in the worker's compensation action were taken solely for the purposes of the worker's compensation action. The attorneys representing the tort defendants asked no questions at the depositions.
Stating that Thomas P. Hebert represented Berg in the worker's compensation action, the tort defendants, Berg and Atlas, relied on Hebert's affidavit filed with their brief into the trial record that attested the depositions were taken only in the worker's compensation suit. That information was confirmed by Berg's tort counsel who stated there were no depositions noticed in the tort action. Likewise, James Hill, the attorney represented Atlas in this action, attested that neither he nor his assistants participated in the worker's compensation depositions.
*1073 Arguing that the cases cited by Minor Johnson were factually inapplicable, defendants stated plaintiffs tort action was abandoned and properly dismissed. Defendants correctly pointed out that the unconditional tender in Clark, supra, was in the same action in which abandonment was sought. Plaintiff cited two cases as precedents for steps taken in one action serving to interrupt the abandonment period in another action. In Kambur v. Kambur, 583 So.2d 1213 (La.App. 4th Cir.1991), the wife sought to have the divorce action dismissed, on abandonment and argued that the divorce and community partition were two separate actions, although they were filed in the same numbered proceeding. The court rejected that argument and held that the partial partition judgment was inextricably bound in the divorce action. The court noted that there is a reluctance to dismiss suits as abandoned and that art. 561 is not designed to dismiss suits on technicalities. In Barber v. Bozeman, 577 So.2d 180 (La.App. 1st Cir.1991), a worker's compensation insurer intervened in a tort action to recover benefits paid to the plaintiff. A motion to enroll as counsel was not a step in the prosecution of a case; the applicable abandonment period had elapsed between an answer filed by the defendant and plaintiffs motion to set the matter for trial. However, the Motion to Intervene was found to be a step in the prosecution and the matter was not dismissed as abandoned. Therefore, the defense view is well taken that the foregoing matters dealt with steps taken within one action.
Other considerations distinguish this case from the preceding authorities and lead to the conclusion that the depositions taken in the worker's compensation matter arising out of the same facts and attended by the defense counsel in the tort action should be viewed as sufficient steps to interrupt the running of the abandonment period in this tort action.[3] First, La. C.C.P. art. 561(B) specifically provides any formal discovery served on all parties "whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action." The tort defendants here knew that the depositions were being taken and were careful to attend each one while reserving their rights to re-depose in the tort action. Like the defendant who made the unconditional tender in Clark, supra, these defendants derived the benefit of listening to all of the depositions in preparation for defending the tort action. Undoubtedly, any information favorable to the defense would have been used by the defense attorneys who attended to monitor the proceedings for their clients. Had they considered the tort action abandoned, the defense attorneys would have had no reason to attend the worker's compensation depositions. Further, defendants were not prejudiced.
While there was no step in the prosecution of the this tort action taken before the court, this plaintiff clearly did not intend to abandon his tort action.[4] Cases are not to be dismissed on mere technicalities and form is not to prevail over substance. To find that dismissal is appropriate in this *1074 matter would be to drop this plaintiff through the ultimate procedural trapdoor.
Discovery may interrupt the running of the abandonment period with less formal requirements than other "steps" in the prosecution of the litigation. Defense counsels' vigilant presence at the worker's compensation depositions, notwithstanding all their provisos that they attended as observers only, demonstrates the defendants' knowledge that the tort action was not waived by plaintiff. Limited to the very specific and peculiar facts in this case, we hold that the depositions in the worker's compensation matter monitored by the tort defendant's attorneys interrupted the running of the abandonment period in this case.

DECREE
The judgment of the trial court dismissing plaintiff's action as abandoned is reversed and this matter is remanded for further proceedings. Costs of the appeal are assessed to the defendants.
REVERSED AND REMANDED.
NOTES
[1] The Louisiana Supreme Court granted writs and reversed this court's action in 33,960 (La.App.2d Cir.9/27/00), 769 So.2d 176.
[2] Under the discretionary language in La. C.C.P. art. 561, the trial court chose to have the Motion to Vacate the Dismissal tried on briefs only and did not hold a contradictory hearing. While attachments to briefs are not part of the record and are not considered, this court reviewed the attachments to the filings in the record which were available to the trial court.
[3] This court is mindful that this result likely would not be embraced by every member of either this court or the Louisiana Supreme Court. See this court's opinion in Clark v. State Farm, supra, and Justice Victory's dissent in Clark v. State Farm, supra.
[4] While this court specifically finds no fault with the conduct of the very professional, competent and vigilant defense counsel in this matter, this dispute is a perfect example of the conundrum inherent in the important efforts to promote professionalism in the bar; i.e., the requirement that every lawyer zealously pursue every means to assist his client while avoiding predatory, though ethically permissible conduct.