809 So.2d 1157 (2002)
Bruce E. NACCARI and Catherine Ann Lampard Naccari,
v.
Robert NAMER, WTIX, Inc., doing business as WTIX(AM) and America First Communications, Inc., doing business as WASO(AM).
No. 2001-C-2410.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 2002.
Michael J. Laughlin, New Orleans, LA, Counsel for Plaintiffs-Respondents.
Matthew K. Brown, Amelia Williams Koch, Steven F. Griffith, Jr., Locke Liddell & Sapp LLP, New Orleans, LA, Counsel for Defendants-Relators.
Court composed of Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, SR., and Judge MAX N. TOBIAS, JR.
MIRIAM G. WALTZER, Judge.

STATEMENT OF THE CASE
The defendants, Robert Namer, WTIX, Inc., George Buck, and America First Communications, Inc., seek review of a judgment setting aside a judgment dismissing the plaintiffs', Bruce and Catherine Naccari's, action on ground of abandonment. The judgment was rendered on 13 December 2001. The defendants filed their notice of intent to seek supervisory writs on 14 December 2001. On 19 December *1158 2001, the trial court signed an order directing that the defendant's writ application be filed in this court within ten days. The writ application was timely filed in this court on 28 December 2001, and the plaintiffs filed an opposition to the writ application on 2 January 2002.

FACTS
The plaintiffs allegedly filed the instant litigation seeking damages for invasion of privacy, defamation and damage to reputation on 29 December 1995. On 20 September 2001, the defendants filed an ex parte motion and order to dismiss the suit on ground of abandonment. The defendants alleged that no action had been taken in the trial court from 15 June 1998 when the trial court denied the defendants' motion for summary judgment, until the plaintiffs propounded discovery to the defendants on 5 September 2001. The defendants' motion to dismiss on ground of abandonment contained a stamp signed by a deputy clerk certifying that the last docket entry was the judgment on the motion for summary judgment on 17 June 1998. Based on these representations, the trial court signed an order dismissing the case as of 15 June 2001.
On 11 October 2001, the plaintiffs filed a motion to set aside the dismissal of their action based on the fact that steps were taken in the prosecution and defense of the lawsuit within three years of 5 September 2001. More specifically they alleged that a formal discovery request made by the plaintiffs precluded dismissal of the action for abandonment. In support of their position, the plaintiffs attached a copy of a letter dated 22 September 1998, which it alleged constituted a step in the prosecution of the case. The letter, signed by one of the defendants' attorneys, was addressed to the attorney for the plaintiffs. In the letter counsel noted that the plaintiffs wanted to set depositions in the matter. However, counsel noted that he had previously informed the plaintiffs' counsel that the written responses to previously submitted discovery requests were incomplete. In light of the pending summary judgment motion, counsel for the defendants indicated that he had told the plaintiffs' counsel that it was not necessary to resolve the discovery issues until the trial court had ruled on the summary judgment motion. However, counsel noted, "[I]n light of your interest in going forward, however, I must insist that your clients respond more fully to written discovery,...." Exhibit C Letter dated 22 September 1998. Counsel for defendants attached a copy of the plaintiffs' responses to its requests for production and interrogatories and detailed the inadequacies that he perceived in the responses to the various discovery requests. Characterizing this letter as a document clarifying, reurging and re-serving discovery, the plaintiffs argued that this letter constituted a step in the prosecution of the case.
Additionally, the plaintiffs argued that the defendants had sought writs from the 15 June 1998 judgment denying their motion for summary judgment. They noted that in accordance with Louisiana Supreme Court Rule X, counsel for the defendants certified that he served the writ application upon the trial court. Although the writ was apparently not found in the record of the trial court, the plaintiffs argued that presumably it was filed. The plaintiffs further alleged that on 13 November 1998, while the action was pending in the trial court, they filed an opposition to the defendants' writ application. This action, according to the plaintiffs, hardly evidenced an intent to abandon the case. The plaintiffs further noted that the Supreme Court denied the defendants' writ application on 11 December 1998. Finally, the plaintiffs noted that they served the defendants with requests for admissions, production of documents and a notice of deposition on 5 September 2001. The *1159 plaintiffs argued that these actions demonstrated that there was no intent to abandon this action.

DISCUSSION
The defendants argue that the trial court erred in setting aside its original judgment dismissing this action because none of the alleged steps taken constitute steps in the prosecution or defense of the action as required by La. C.C.P. art. 561 which provides in relevant part:
Art. 561. Abandonment in trial and appellate court
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
* * * *
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. (emphasis added)
Citing Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983), the relators argue that action must be taken in the trial court and on the record to constitute a step in the prosecution of the case; thus, the letter dated September 22, 1998 does not constitute a step in the prosecution of the case.
However, the holding in Chevron Oil Co. v. Traigle must be considered in light of section B of La. C.C.P. art. 561, which provides:
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action....
Pursuant to section B of the above-cited article, any formal discovery served on all parties constitutes a step in the prosecution or defense of an action regardless of whether it is filed in the record. Brister v. Manville Forest Products, 32, 386, 32,387 (La.App. 2 Cir. 12/15/99), 749 So.2d 881.
Thus, the first issue to be addressed is whether the letter of September 22, 1998 constitutes "formal discovery." If so, it was not necessary for it to be filed in the trial court in order to be considered a step in the prosecution of the case.
The plaintiffs cite Breaux v. Auto Zone, Inc., XXXX-XXXX (La.App. 1 Cir. 12/15/00), 787 So.2d 322, writ denied XXXX-XXXX (La.3/16/01), 787 So.2d 316, to support their contention that the letter sent by the defendants seeking more complete discovery constitutes a step in the prosecution and/or defense of the case. In Breaux the First Circuit held that a letter to one of the defendants attaching medical reports constituted a step in the prosecution of a case so as to interrupt the three-year abandonment period. However, the instant case differs from Breaux in that the letter attaching the medical report was clearly a supplemental response to discovery. Thus, the holding in Breaux was similar to this court's holding in Manale v. Executive Healthcare Recruiters, Inc., 98-2652 (La.App. 4 Cir. 11/18/99), 747 So.2d 1200, wherein this court upheld the trial court's refusal to dismiss a suit as abandoned, finding that the defendants' serving of a supplemental discovery response and the plaintiffs serving of further discovery requests upon defendants were "steps" under C.C.P. art. 561 that had occurred less than five years apart.[1]
*1160 Supplemental answers to interrogatories are without question "formal discovery as authorized by this Code" as that phrase is used in article 561. However, no cases could be located wherein a court considered whether a request to provide more complete discovery can be considered formal discovery.
The relators argue that they did not re-serve, clarify, or re-urge their discovery request in the letter of 22 September 1998. Rather, the relators argue that they simply informed the plaintiffs that they had not complied with the previously served discovery requests; thus, depositions could not commence until the previously submitted discovery had been complied with. A review of the letter supports the relators' position that they were simply informing the plaintiffs that they needed to respond more fully to previously submitted discovery requests. The letter contained no suggestion that the relators were formally seeking to compel answers to the discovery request. Rather, it appears to be an informal, as opposed to a formal request for cooperation in moving the case forward. The mailing of informal correspondence cannot be construed as formal discovery and is insufficient to prevent abandonment or interruption of prescription. Alexander v. Liberty Terrace Subdivision, Inc., 99-2171, p. 5 (La.App. 4 Cir. 4/12/00), 761 So.2d 62, 65.
In Parson v. Daigle, 96-2569 (La.App. 1 Cir. 12/29/97), 708 So.2d 746, the court rejected plaintiffs contention that correspondence from counsel for one of the defendants, was an "informal discovery" request, and as such, should be considered a step in the prosecution of his lawsuit. The letter advised that counsel would be assisting plaintiff's counsel in representing plaintiff and also inquired whether a particular entity was a parent company of one of the defendants, and, if so, whether it joined the trucking company in bankruptcy. Citing Chevron Oil Co. v. Traigle, supra, the court said that the jurisprudence was clear that such correspondence between counsel does not qualify as a formal action in or before the court sufficient to interrupt abandonment, even when such correspondence is filed into the court record. Similarly, in the absence of a formal motion to compel, the defendants' correspondence of 22 September 1998 informing the plaintiffs that their responses to discovery requests does not appear to constitute formal discovery within the meaning of La. C.C.P. art. 561.
Assuming that the defendants' letter seeking more complete answers to discovery does not constitute a step in the prosecution of the case, this court must next consider whether certain pleadings filed in the Supreme Court seeking a review of the denial of the defendants' motion for summary judgment constitute steps in the prosecution of the case.
The plaintiffs allege that the relators filed an application to the Supreme Court on 20 October 1998 seeking a review of the 15 June 1998 judgment denying their motion for summary judgment. A copy of that writ application is included in the defendants' writ application to this court. In the verification to the application, dated 30 October 1998, counsel for defendants averred that a copy of the application had been delivered to the Judge of the district court. Based on this certification and Louisiana Supreme Court Rule X, the plaintiffs argue that even though a copy of the application was not found in the record, it is presumed to have been filed in the record. This argument has no merit. *1161 Contrary to the plaintiffs' suggestion, there is nothing in Louisiana Supreme Court Rule X which requires that writ applications be filed into the record; rather, Rule X, section 2(c) merely requires that a copy be delivered or mailed to "the respondent judge."
Nevertheless, notwithstanding the express language of La. C.C. P. art. 561 requiring that action be taken in the trial court to constitute a step in the prosecution or defense of a case, at least one case was found wherein the court found that actions taken outside the trial court record constituted steps in the prosecution of a case. In the recent case, Johnson v. Berg Mechanical Industries, 35,290 (La.App. 2 Cir. 12/19/01), 803 So.2d 1067,[2] the Third Circuit found that depositions taken in a workers' compensation matter arising out of the same facts and attended by the defense counsel in a pending tort action constituted sufficient steps to interrupt the running of the abandonment period in the tort action. While explicitly recognizing that no step in the prosecution of the tort action took place before the trial court, the court found that the facts demonstrated that the plaintiff did not intend to abandon his tort action. Thus the court concluded that dismissal on mere technicalities and form was not warranted.[3]
Significantly, the action taken outside the record in Johnson to toll the prescriptive period involved discovery. However, the pleadings relied upon by the plaintiffs in the instant case do not relate to discovery. In this respect, it could be said the cases are distinguishable. However, the Johnson court did not base its holding on the fact that discovery was involved. Rather, the Johnson court looked at the fact that all parties to the suit pending in the trial court were present at the time discovery depositions were taken, thus all parties were on notice that the plaintiff did not intend to abandon his action.
Similarly, the plaintiffs herein argue that by filing an opposition in the Supreme Court, it was clear that they hardly evidenced an intention to abandon this action. This fact is implicitly recognized in the letter of 22 September 1998 wherein the defendants noted that the plaintiffs desire to move the case forward by taking depositions. However, the defendants indicated that they needed more complete responses to discovery prior to the taking of depositions.
This court has been reluctant to uphold dismissals in cases where it appeared a plaintiff had not evidenced an intention to abandon a case. Instead, this court has been very liberal in its interpretation of La. C.C.P. art. 561. Thus, in Charpentier v. Goudeau, 95-2357 (La.App. 4 Cir. 3/14/96), 671 So.2d 981, this court held that where the plaintiffs had mailed an interrogatory to the defendant but had failed to file in the record an article 1313 certification reflecting service of the interrogatory by mail, such service was a step in the prosecution thus precluding dismissal of the action for abandonment.
Further, in Manale, supra, we stated:
Before an action can be dismissed as abandoned under Article 561, it must be certain that the claim is not being seriously pursued. Article 561 is to be liberally construed and any action or step taken to move the case toward judgment must be considered. The law favors maintaining an action whenever possible, *1162 so that a party may have its day in court, and Article 561 is not designed to dismiss cases on technicalities.

Id., p. 2-3, 747 So.2d at 1202. (citations omitted).
Other courts have also been hesitant to dismiss cases on abandonment, where the plaintiff did not evidence an intention to abandon his case. The policy reasons relative to abandonment of a lawsuit were discussed in Brister, supra, as follows:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." La. C.C.P. art. 561. (footnote omitted.) The policy underlying this requirement is to prevent protracted litigation which is filed for purposes of harassment or without serious intent to hasten the claim to judgment. Viesel v. Republic Ins. Co., 95-0244 (La.App. 4 Cir.11/30/95), 665 So.2d 1221, writ denied, 95-3099 (La.2/16/96), 667 So.2d 1058. However, the law favors, and justice requires, that an action be maintained whenever possible so that the aggrieved party has his day in court. Jones v. Phelps, 95-0607 (La.App. 1 Cir. 11/9/95), 665 So.2d 30, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104. Article 561 is to be liberally interpreted and any action or step taken to move the case toward judgment should be considered; article 561 was not intended to dismiss those cases in which the plaintiff has clearly demonstrated that he does not intend to abandon the action. Id; Viesel v. Republic Ins. Co., supra; Sullivan v. Cabral, 32,454 (La.App. 2 Cir. 10/27/99), 745 So.2d 791.
Courts have also recognized that abandonment is not a punitive measure. Rather, it is designed to discourage frivolous lawsuits by preventing plaintiffs from letting them linger indefinitely. Shulver v. Slocum, 566 So.2d 1089, 1091 (La.App. 2d Cir.1990).
While the law favors granting an aggrieved party his day in court, the legislature has set forth a procedure and a time period for taking action to prevent a case from being considered as abandoned. The language of La. C.C.P. art. 561 is clear and unambiguous. Unless a party takes a step in the prosecution or defense of the action in the trial court within three years from the time the last step was taken by either party, the case may be dismissed on the basis of abandonment.
Accordingly, the application for supervisory writ is granted. The ruling of the trial court is affirmed.
APPLICATION FOR SUPERVISORY WRIT GRANTED. JUDGMENT OF THE TRIAL COURT AFFIRMED.
TOBIAS, J., concurs in the result.
TOBIAS, J., concurring in the result.
I respectfully concur in the result.
I would deny relator's application for supervisory writs because the application is not verified as required by Rule 4-5 of the Uniform Rules of the Courts of Appeal. The "verification" that relator attaches to his application contains no jurat; it is therefore defective. A denial of the application would have the same effect as the action taken by the majority in granting the writ and affirming the trial court. In my opinion, the trial court was correct.
NOTES
[1] Before its amendment in 1997, La. C.C.P. art. 561 provided that an action was abandoned when the parties failed to take any step in its prosecution or defense for a period of five, rather than three, years.
[2] 803 So.2d 1067.
[3] Citing Clark v. State Farm Mut. Auto. Ins. Co., XXXX-XXXX (La.5/15/01), 785 So.2d 779, the court, in Footnote 3, noted that it was mindful that the result it was reaching would likely not be embraced by every member of the First Circuit or the Louisiana Supreme Court.