PROFESSIONAL FUNERAL       *       NO. 2024-C-0442
SERVICES, INC.
                           *

VERSUS                             COURT OF APPEAL
                           *

GEMINI INSURANCE                   FOURTH CIRCUIT
COMPANY AND MAGIC          *
MAKEOVER                           STATE OF LOUISIANA
CONSTRUCTION, LLC       * * * * * * *


ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-04679, DIVISION "J"
Honorable D. Nicole Sheppard
* * * * * *
**Judge Tiffany Gautier Chase**
* * * * * *

(Court composed of Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge
Dale N. Atkins)

Sidney W. Degan, III
Karl H. Schmid
Richard W. Schwerdtfeger
Degan, Blanchard & Nash
400 Poydras Street, Suite 2600
New Orleans, Louisiana 70130

        COUNSEL FOR RELATOR GEMINI INSURANCE COMPANY


Randy George McKee
McKee Law Firm, L.L.C.
1100 Poydras Street, Suite 1475
New Orleans, Louisiana 70163

        COUNSEL FOR RESPONDENT PROFESSIONAL FUNERAL
        SERVICES, INC.

                              **WRIT GRANTED IN PART;**
                              **DENIED IN PART;**
                              **RULING REVERSED IN PART;**
                              **JUDGMENT RENDERED**
                              **SEPTEMBER 16, 2024**

Relator, Gemini Insurance Company (hereinafter "Gemini"), seeks review of the trial court's June 20, 2024, ruling denying its e*x-parte* motion to dismiss for abandonment, motion for judgment on the pleadings and peremptory exceptions. After consideration of the application for supervisory writ, we grant the writ in part, reverse the portion of the trial court's ruling denying the *ex-parte* motion to dismiss for abandonment and render judgment dismissing the claims against Magic Makeover Construction, LLC (hereinafter "Magic"), without prejudice. In all other respects, the writ is denied.

### Facts and Procedural History

On May 9, 2016, Respondent, Professional Funeral Services, Inc. (hereinafter "Professional"), filed a breach of contract suit against Magic. Professional also named Gemini as a defendant as Magic's commercial general liability insurer. Professional requested service on Magic, through its agent for service of process, and Gemini, through the Louisiana Long Arm Statute. Service and citation of the petition were issued on May 10, 2016, and was perfected on Gemini but service on Magic was unsuccessful.

On February 16, 2024, Gemini filed an "*Ex-Parte* Motion to Dismiss for Abandonment" (hereinafter "motion for abandonment").[1] Gemini argued that

---

[1] Gemini also filed a "Motion to Dismiss and for Judgment on the Pleadings Based on Abandonment" and "Exceptions of No Right of Action, No Cause of Action, and Non-Joinder of an Indispensable Party." These motions were predicated on Gemini's motion for abandonment.

Professional failed to serve Magic and that no action had been taken against Magic in three (3) years. Professional maintained that although Magic was not served, it had notice of the suit as evidenced by the request for service of the petition for damages and Gemini's motions for summary judgment.[2] On June 20, 2024, the trial court denied Gemini's motions in open court. This writ application followed.

### **Motion to Dismiss Claims against Magic pursuant to La. C.C.P. art. 561**

Gemini argues that the trial court erred in denying its motion for abandonment when Professional's case against Magic was clearly abandoned pursuant to La. C.C.P. art. 561.[3] It maintains that Professional failed to take any formal action against Magic since 2016. La. C.C.P. art. 561 provides, in pertinent part, that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years… ." La. C.C.P. art. 561(A)(1). When a party takes a formal action, before the trial court, to hasten the matter to judgment – the party takes a "step" in the prosecution or defense of a case. *Jones v. Foti*, 2023-0089, p. 4 (La.App. 4 Cir. 10/17/23), 376 So.3d 947, 951 (citation omitted). If the parties fail "to take any step in its prosecution or defense in the trial court for a period of three years, an action, other than a succession proceeding, is deemed abandoned." *Jones*, 2023-0089, p. 4, 376 So.3d at 951 (quoting La. C.C.P. art. 561) (citation omitted). Our Supreme Court has set forth specific criteria to consider when determining whether a case is abandoned:

---

[2] On January 2, 2020 and February 3, 2023, Gemini filed two separate motions for summary judgment. Gemini attempted to serve Magic with both motions however, it is unclear whether Magic was successfully served with the respective motions.

[3] "[W]hether a particular act, if proven, [interrupts] abandonment is a question of law that is examined by ascertaining whether the trial court's conclusion is legally correct;" conversely, "[w]hether a step in the prosecution or defense of a case has been taken in the trial court for a period of three years is a question of fact subject to manifest error analysis… ." *Williams v. Montgomery*, 2020-01120, p. 6 (La. 5/13/21), 320 So.3d 1036, 1042 (quoting *Martin v. Nat'l City Mortg. Co.*, 52,371, p. 4 (La.App. 2 Cir. 11/14/18), 261 So.3d 144, 147).

> [f]irst, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.

*Id.,* 2023-0089, p. 5, 376 So.3d at 951 (quoting *Clark v. State Farm Mut. Auto Ins. Co.*, 2000-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784.).

Professional argues that notice of the lawsuit was provided to Magic when service and citation of the petition for damages was requested in 2016. Professional also argues that notice of the lawsuit was provided to Magic when Gemini attempted to serve Magic with the motions for summary judgment. Professional concludes that the case cannot be deemed abandoned because Magic was given notice of the lawsuit. We find this argument unpersuasive.

Notice is an integral component underlying the concept of abandonment. *Williams v. Montgomery*, 2020-01120, p. 8 (La. 5/13/21), 320 So.3d 1036, 1043. "It is it equally clear that a lack of service on a defendant will not result in abandonment where sufficient steps are taken in the prosecution of the action against [the] **unserved defendant**." *Id.* (emphasis added). "[A]ny steps taken by or against a served defendant to hasten the matter to judgment are ineffective as to defendants not served." *Id.*, 2020-01120, p. 10, 320 So.3d at 1044. "Where no step has been taken in an action against a particular defendant, the lack of service of process on that defendant not only eliminates the necessary notice of the legal action, but also indicates a lack of intent to pursue that action." *Id.*

No steps were taken in the prosecution or defense of Magic to interrupt the abandonment period. After the initial filing of the petition for damages, all steps

taken involved Gemini, not Magic. The last "step" taken by Professional concerning Magic was the issuance of service and citation of the petition for damages on May 10, 2016. Gemini's effort to serve Magic with the motions for summary judgment in 2020 and 2023 are irrelevant because any step taken by or against Gemini did not operate to interrupt the abandonment period as to Magic. Professional did not attempt service on Magic after the initial request and its failure to pursue its claims against Magic exhibits its intent to abandon the action as to Magic. *See Clark v. State Farm Mut. Auto Ins. Co.*, 2000-3010, pp. 8-9 (La. 5/15/01), 785 So.2d 779, 785-86 (noting that La. C.C.P art. 561 was never intended to dismiss a case unless a plaintiff unequivocally exhibits an intent to abandon the action). Thus, the case against Magic was abandoned as of May 10, 2019. We find Professional's claims against Magic abandoned and reverse the trial court's judgment denying Gemini's motion for abandonment. Professional's claims against Magic are dismissed without prejudice.[4]

After a review of the application for supervisory writ, we find the trial court erred in denying Gemini's motion for abandonment. Accordingly, we grant the writ in part, reverse the portion of the trial court's ruling denying the *ex-parte* motion to dismiss for abandonment and render judgment dismissing the claims against Magic, without prejudice. In all other respects, the writ is denied.

**WRIT GRANTED IN PART;**
**DENIED IN PART;**
**RULING REVERSED IN PART;**
**JUDGMENT RENDERED**

---

[4] "It is well settled that the dismissal of a suit on the grounds of abandonment is a dismissal without prejudice." *Roberts v. New Orleans Symphony*, 2003-2206, p. 10 (La.App 4 Cir. 9/1/04), 883 So.2d 452, 458

4