833 So.2d 1241 (2002)
David HARRINGTON, et ux, Plaintiffs-Appellants,
v.
GLENWOOD REGIONAL MEDICAL CENTER and Lifeshare Blood Centers, Defendants-Appellees.
No. 36,556-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 2002.
*1242 Nelson, Hammons & Self, by John L. Hammons, Cornell R. Flournoy, Shreveport, for Plaintiffs-Appellants.
Watson, Blanche, Wilson & Posner, by Peter T. Dazzio, Chris J. LeBlanc, Baton Rouge, for Defendant-Appellee, Glenwood Regional Medical Center.
Cook, Yancey, King & Galloway, by Cynthia C. Anderson, Shreveport, for Defendant-Appellee, Lifeshare Blood Centers.
Before GASKINS, DREW and HARRISON (Pro Tempore), JJ.
HARRISON, Judge Pro Tempore.
The plaintiffs, David and Becky Herrington,[1] appeal a judgment which effectively dismissed their tort suit as abandoned under La. C.C.P. art. 561. For the reasons expressed, we reverse and remand.

Procedural background
According to the petition, in 1978 or 1979 David Herrington ("David") was hospitalized at Glenwood Regional Medical Center in West Monroe; he received a transfusion of one or more units of blood, provided by Life Share Blood Centers and transfused by Glenwood employees. In August 1997, David was diagnosed with Hepatitis C. Alleging that he had no other risk factors for this disease than the blood transfusion, he and his wife filed the instant suit against Glenwood, Life Share and the Attorney General of Louisiana on July 30, 1998. They sought general damages, medical expenses, loss of earning capacity, and loss of consortium.
The record contains no other pleadings until over three years later, on September 6, 2001, when the Herringtons filed interrogatories propounded to Glenwood and Life Share. On October 11, 2001, Glenwood filed dilatory and peremptory exceptions, with a brief in support. The Herringtons filed a brief in opposition, but the court never ruled on the exceptions.
Life Share filed the instant ex parte motion to dismiss the suit as abandoned on November 13, 2001. It alleged that the Herringtons had taken no step in the prosecution of the suit for three years after they filed the petition. The district court rendered judgment dismissing "all claims and demands in this lawsuit" without prejudice, as of July 30, 2001.
The Herringtons filed a motion to set aside the dismissal. In support, they showed that despite the absence of official filings in the record, there had been activity between the parties showing that the Herringtons did not intend to abandon their suit:
(1) On August 19, 1998, three weeks after suit was filed, counsel for Life Share asked counsel for the Herringtons, by letter, for an extension of time in which to file an answer. The Herringtons' counsel agreed, granting an open-ended extension. On September 9, counsel for Glenwood also asked for an open-ended extension of time in which to answer, and by letter requested a 15 day notice before an answer would be "required." Again, the *1243 Herringtons' counsel agreed, giving Glenwood an open-ended extension.
(2) Life Share's letter of August 19, 1998 also asked David to sign a release of medical records. On October 27, his counsel mailed the signed release to Life Share's counsel. Several months later, in February 1999, the Herringtons' counsel wrote to ask if Life Share had ever obtained any records. On February 18, 1999, counsel for Life Share replied that it had, but according to the records David received no blood transfusions at Glenwood.[2] She asked counsel to dismiss all claims against Life Share.
After a hearing at which only argument was received, the court denied the motion to set aside the judgment of dismissal without reasons. The Herringtons have appealed.

Discussion
The abandonment of actions is regulated by La. C.C.P. art. 561, which provides, in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years * * *.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed a step in the prosecution or defense of an action. * * *
The Herringtons urge art. 561 must be liberally construed in favor of maintaining a plaintiff's suit. Clark v. State Farm, 00-3010 (La.5/15/01), 785 So.2d 779. They contend that less than three years intervened between the date that they provided a medical release in compliance with Life Share's request (October 27, 1998), and the date that they propounded interrogatories to both defendants (September 6, 2001), so the three-year period of art. 561 did not elapse. They also contend that both defendants took actions "inconsistent with an intent to treat the case as abandoned," a situation which the Supreme Court recognized as an exception to art. 561 in Clark v. State Farm, supra.
Life Share and Glenwood both argue that Life Share's request for David to execute a medical release on August 19, 1998, was not formal discovery authorized by the code. We disagree. The code expressly provides for this type of discovery:

Art. 1465.1. Requests for release of medical records
A. Any party may serve upon the plaintiff or upon any other party whose medical records are relevant to an issue in the case a request that the plaintiff or other authorized person sign a medical records release authorizing the health care provider to release to the requesting party the medical records of the *1244 party whose medical condition is at issue. The release shall be directed to a specific health care provider, shall authorize the release of medical records only, and shall state that the release does not authorize verbal communications by the health care provider to the requesting party.
B. The party upon whom the request is served, within fifteen days after service of the request, shall provide to the requesting party releases signed by the plaintiff or other authorized person unless the request is objected to, in which event the reasons for the objection shall be stated. The party requesting the release of medical records may move for an order under Article 1469 with respect to any objection or other failure to respond to the request.
C. The party requesting the medical records shall provide to the party whose medical records are being sought or to his attorney, if he is represented by an attorney, a copy of the request directed to the health care provider, which copy shall be provided contemporaneously with the request directed to the health care provider.
D. The party requesting the medical records shall provide to the party whose medical records are being sought or to his attorney, within seven days of receipt, a copy of all documents obtained by the requesting party pursuant to the release.
When counsel for Life Share apparently had not complied with the requirement of subsection D by providing a copy of the medical records obtained, counsel for the Herringtons made a request for these on February 19, 1999. Because this was discovery in accord with art. 1465.1, it is distinguished from the mere correspondence that was held not to be formal discovery in Naccari v. Namer, 01-2410 (La. App. 4 Cir. 2/6/02), 809 So.2d 1157, cited by Life Share. We conclude that a request properly made under art. 1465.1 is formal discovery as authorized by the code.
We are cognizant that art. 561 B requires discovery to be served on all parties in order to qualify as a step in the prosecution. While the record does not show that Life Share's request for a medical release was served on Glenwood, it is obvious that Glenwood was aware of this because it ultimately sent David's records to Life Share. Even if the discovery concerned only Life Share and the Herringtons, interruption as to one defendant also interrupts it as to the others. James v. Formosa Plastics Corp., 01-2056 (La.4/3/02), 813 So.2d 335.
On this point we distinguish the case cited by Glenwood, Benjamin-Jenkins v. Lawson, 00-0958 (La.App. 4 Cir. 3/7/01), 781 So.2d 893, writ denied, 01-1546 (La.9/14/01), 796 So.2d 681. In that case the plaintiff attempted to halt the abandonment period by sending faulty discovery requests. Such is not the case here, as Life Share initiated the request and David complied under art. 1465.1, in the obvious effort to move the case to trial. Given the liberal construction of art. 561, we find that these discovery matters were steps in the defense and prosecution of the case. Less than three years elapsed before the Herringtons filed interrogatories on September 6, 2001.
We also find that under the circumstances of this case, both defendants took actions inconsistent with an intent to treat the case as abandoned. After the delay for answering had expired, both Life Share and Glenwood wrote the Herringtons' counsel seeking extensions of time to file answers; counsel agreed to give them open-ended extensions. In the analogous situation of default judgments, the law is *1245 very well settled that when the defendant asks for an extension of time to answer, the plaintiff may not take a default judgment against him. Russell v. Illinois Central Gulf R., 96-2649 (La.1/10/97), 686 So.2d 817; Conerly v. Jefferson, 01-2220 (La.App. 4 Cir. 5/29/02), 820 So.2d 1173. The defendants' conduct in seeking and obtaining open-ended extensions of time to answer is also inconsistent with declaring the case abandoned.

Conclusion
The judgment denying the Herringtons' motion to set aside the judgment of dismissal is therefore reversed, and the judgment of dismissal signed on November 13, 2001 is vacated. The matter is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] In the initial petition, the plaintiffs' name is misspelled as "Harrington."
[2] She asserted that according to the records, David Herrington was not hospitalized at Glenwood in 1978 or 1979, the years mentioned in the petition; however, he was hospitalized in 1976 and 1983, and on neither occasion did he receive a blood transfusion.