BROWN, Chief Judge.
 

 1, Plaintiffs, Carol Lynn Koutroulis and Marge Ann Revere, as agent and attorney-in-fact for Ruth Francys Field, and in their respective individual capacities, appeal the judgment of the trial court in favor of defendants, Centennial Healthcare Corp. d/b/a The Garden Court Nursing Center, Centennial Healthcare Investment Corp., H. Schober Roberts and National Union Fire Ins. Co. of Pittsburgh, Pennsylvania, dismissing their tort suit pursuant to La. C.C.P. art. 561 as abandoned. For the reasons herein, we affirm.
 

 
 *505
 

 Facts and Procedural Background
 

 On September 10, 1999, plaintiffs, Carol Lynn Koutroulis and Marge Ann Revere, filed a petition for damages alleging negligence in the care and treatment of their mother, Ruth Francys Field, while she was a resident/patient of defendant, Garden Court Nursing Center. An amending petition was filed on December 6, 1999, and defendants filed their answer on January 10, 2000. In response to a formal discovery request, defendants sent them last discovery responses to plaintiffs’ counsel on April 4, 2000. Shortly thereafter, counsel for plaintiffs withdrew.
 

 On December 26, 2001, new counsel for plaintiffs enrolled.
 
 [1]
 
 Immediately thereafter, plaintiffs’ attorney forwarded written requests pursuant to La. R.S. 40:1299.96 to Garden Court Nursing Center to obtain certified copies of Ms. Field’s medical records. Although all defendants, including Garden Court Nursing Center, were represented by an attorney, 12the request was not sent to the attorney of record.
 
 [2]
 
 Plaintiffs’ counsel received the medical records from Garden Court Nursing Center in January 2002. Thereafter, in April 2002, pursuant to La. R.S. 40:1299.96, plaintiffs’ attorney sent additional written requests to four nonparty health care providers for medical records pertaining to Ms. Field. None of these requests were served on defendants’ attorney. During the interim, plaintiffs’ attorney advised defense counsel that she was in the process of obtaining experts to review the records and produce written reports to be used during a settlement conference.
 

 On April 10, 2003, after having not received any written or oral communication from plaintiffs’ counsel in over a year, and with the record being devoid of evidence of any formal action within the past three years, counsel for defendants filed a motion to dismiss all claims pursuant to La. C.C.P. art. 561. The trial court signed an order dismissing plaintiffs’ claim with prejudice, retroactive to the date of abandonment, April 4, 2003. Plaintiffs filed a motion to set aside the dismissal with prejudice. The trial court held a hearing on the motion, and subsequently issued a written opinion converting the dismissal with prejudice to a dismissal without prejudice. Based upon this ruling, plaintiffs have appealed.
 

 Discussion
 

 The issue presently before us is whether the plaintiffs’ request for their mother’s medical records from Garden Court Nursing Center in |sDecember 2001, pursuant to La. R.S. 40:1299.96, qualifies as a step in the prosecution of this action.
 

 La. C.C.P. art. 561 regulates the abandonment of actions, and it provides in pertinent part:
 

 A. (1) An action ... is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
 

 B. Any formal discovery
 
 as authorized by this Code [Code of Civil Procedure] and served on all parties whether or not filed of record,
 
 including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action. (Emphasis added).
 

 
 *506
 
 Article 561 sets forth three requirements: (1) that a party take some “step” in the prosecution or defense of an action; (2) that the step be taken in the trial court and, with the exception of authorized formal discovery served on
 
 all
 
 parties, appear in the record of the suit; and (3) that the step be taken within three years of the last step taken by either party.
 
 Clark v. State Farm Mut. Auto. Ins. Co.,
 
 00-3010 (La.05/15/01), 785 So.2d 779;
 
 Stemley v. Foti,
 
 40,379 (La.App.2d Cir.10/26/05), 914 So.2d 642,
 
 writ denied,
 
 06-0224 (La.04/24/06), 926 So.2d 551. For abandonment purposes, a “step” is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice.
 
 Clark, supra; See also
 
 La. C.C.P. art. 1446(D); and La. C.C.P. art. 1474.
 

 An action should not be dismissed if a plaintiff has clearly demonstrated before the court that he does not intend to abandon the action.
 
 Clark, supra; Moore v. Eden Gardens Nursing Center,
 
 37,362 (La.App.2d Cir.06/25/03), 850 So.2d 998. However, a plaintiffs intention to take a step in the prosecution of his claim without a step actually being taken is not sufficient to preclude a finding of abandonment.
 
 Stemley, supra; Sullivan v. Cabral,
 
 32,454 (La.App.2d Cir.10/27/99), 745 So.2d 791,
 
 writ denied,
 
 99-3324 (La.01/28/00), 753 So.2d 837.
 

 Plaintiffs contend that under the facts of this case, their seeking to obtain medical records pursuant to La. R.S. 40:1299.96 was proper since their attorney was requesting copies of their mother’s medical records.
 
 [3]
 
 Regardless of whether the request was labeled as a “discovery request,” plaintiffs posit that it still shows that there was no intent to abandon the claim, and, therefore, it should be deemed to be a step in prosecution of the case.
 

 To support their contention that the medical records request was a step in furtherance of their prosecuting the case, plaintiffs cite
 
 Harrington v. Glenwood Regional Medical Center,
 
 36,556 (La.App.2d Cir.12/11/02), 833 So.2d 1241. Plaintiffs’ reliance on
 
 Harrington,
 
 however, is misguided. In
 
 Harrington, supra,
 
 one defendant sought a signed medical records release form from plaintiff pursuant to La. C.C.P. art. 1465.1, which plaintiff executed and returned.
 
 [4]
 
 On appeal defendants attempted to argue |fithat the trial court’s finding of abandonment should be upheld since the medical records release request was not formal discovery authorized by the code of civil procedure. Finding, however, that the code of civil procedure expressly provided for that type of discovery, this court disagreed.
 

 
 *507
 
 In the case
 
 sub judice,
 
 counsel for plaintiffs sought to obtain plaintiffs’ mother’s medical records pursuant to La. R.S. 40:1299.96, not under any discovery article of the code of civil procedure. The request was mailed directly to the Garden Court Nursing Center. It was neither filed in the record nor served on defendants’ counsel of record. In fact, it is not known if defendants’ counsel was even aware of the request prior to plaintiffs’ motion to set aside the dismissal of their claim. Clearly this request cannot be considered a formal action before the court or a method of formal discovery authorized by the code of civil procedure.
 

 Accordingly, we find that plaintiffs’ request for their mother’s medical records pursuant to La. R.S. 40:1299.96 does not amount to a step in the prosecution of the case, and, as such, is insufficient to preclude a finding of abandonment.
 

 |
 
 (¡Conclusion
 

 For the foregoing reasons, the judgment of the trial court dismissing plaintiffs’ action on the grounds of abandonment is affirmed. Costs of this appeal are assessed to plaintiffs.
 

 [1]
 

 . Motions to withdraw, enroll, or to substitute counsel are not considered to be formal “steps” in the prosecution of a suit.
 
 See Brown v. City of Shreveport Urban Development,
 
 34,657 (La.App.2d Cir.05/09/01), 786 So.2d 253.
 

 [2]
 

 . All defendants were represented by the same attorney.
 

 [3]
 

 . The pertinent portions of La. R.S. 40:1299.96 provide as follows:
 

 A. (l)(b) Except as provided in R.S. 44:17, a patient or his legal representative, or in the case of a deceased patient, the executor of his will, the administrator of his estate, the surviving spouse, the parents, or the children of the deceased patient ... shall have a right to obtain a copy of such record upon furnishing a signed authorization and upon payment of a reasonable copying charge....
 

 [4]
 

 . La. C.C.P. art. 1465.1(A). Requests for medical release records, provides:
 

 A. Any party may serve upon the plaintiff or upon any other party whose medical records are relevant to an issue in the case a request that the plaintiff or other authorized person sign a medical records release authorizing the health care provider to release to the requesting party the medical records of the party whose medical condition is at issue. The release shall be directed to a specific health care provider, shall authorize the release of medical records only, and shall state that the release does not authorize verbal communications by the health care provider to the requesting party-