671 So.2d 976 (1996)
JEFFERSON INDOOR SHOOTING CENTER, INC, d/b/a Cajun Police Supply,
v.
NEW ORLEANS SPORTS, INC, and Friedrich A. Wenzel, Individually.
Nos. 95-CA-1978, 95-CA-1979.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1996.
*977 Paul Rumage, New Orleans, for Appellee.
Wiley J. Beevers, Lawrence B. Hoffing, Ronald S. Hagan, Gretna, for Appellant.
Before KLEES, BYRNES and MURRAY, JJ.
BYRNES, Judge.
Plaintiff appeals a judgment dismissing his consolidated cases for five years non-prosecution pursuant to LSA-C.C.P. art. 561. Defendants did not answer this appeal. We reverse.
On September 2, 1988 plaintiff, Jefferson Indoor Shooting Center, Inc., D/B/A Cajun Police Supply, filed two suits against the defendant: a Suit on Open Account and a Suit on Checks for Nonsufficient Funds. It is undisputed that these petitions were filed in contravention of an automatic bankruptcy stay in effect in favor of the individual defendant, Wenzel, at the time the petitions were filed. Both petitions were served, and the defendants answered asserting Wenzel's bankruptcy stay. Thereafter the suits lay dormant. Both parties agree that the bankruptcy was dismissed on September 6, 1990. By letter dated April 26, 1993, but date stamped received on July 1, 1993 by the office of the Clerk of First City Court, plaintiff asked that the service of the original suits be re-issued.
On February 10, 1995, plaintiff filed a "Motion to Appoint Special Process Server", alleging that the service of the re-issued petitions had been returned marked: "unable to servemoved."
Defendant filed a motion to dismiss, arguing that the original petitions were void ab initio because of the bankruptcy stay and in the alternative the suit should be dismissed as abandoned by the plaintiff based on five years non-prosecution. LSA-C.C.P. art. 561.
The trial court dismissed the case for five years non-prosecution, reasoning that the dismissal of the bankruptcy proceedings had the effect "as though the bankruptcy case had never been filed." The court reasoned further that since, in effect, there was no bankruptcy, the five year period for non-prosecution under LSA-C.C.P. art. 561 began to run on September 2, 1988 when plaintiff filed its petitions. The trial court concluded that since the bankruptcy must be treated as though it never occurred, plaintiff's attempt to re-serve the petitions was not a "step" in the prosecution of the case as answer had been filed by the defendants back in 1988. Therefore, there was no reason to re-serve the petitions.
In the alternative, the trial court stated that the five year period ran from the date of *978 the dismissal of the bankruptcy which the trial court gives as February 6, 1990. This date is inconsistent with the September 6, 1990 date given by the parties in their briefs. Copies of federal bankruptcy court minute entries bear out the September date. This Court will assume that the February date given by the trial court was a clerical error. Regardless of whether the dismissal took place in February or September, plaintiff acknowledges that the dismissal did take place, and the exact month will not change the result reached by this Court.[1]
It is not necessary to decide whether the original petitions filed in these proceedings were void ab initio because of the bankruptcy stay or whether the bankruptcy stay was void ab initio as a result of the dismissal of the bankruptcy proceedings. The result is the same in either case.[2]
If the original petitions were void ab initio as the defendants contend in their Motion to Dismiss, the request for the re-serving of the petitions in 1993 would be tantamount to the original filing of the petitions. To require the plaintiff to refile the petitions would be needlessly technical and serve no purpose. Therefore, the five year period provided by LSA-C.C.P. art. 561 would not begin to run until the plaintiff requested that the petitions be re-served in 1993 which would be considered the time of the initial filing for Article 561 purposes. The Motions to Set for Trial filed in February of 1995 about which there is no dispute would have been sufficient to satisfy the requirements of LSA-C.C.P. art. 561 based on an initial filing date in 1993.
If the original petitions were not void ab initio then the request for the re-serving of those petitions on or before July 1, 1993 is sufficient to satisfy the requirements of LSA-C.C.P. art. 561 based on the original filings of those petitions in September of 1988. Plaintiff's actions were reasonable under the circumstances. Plaintiff was faced with potentially contradictory laws and jurisprudence which say on the one hand that anything done in contravention of the bankruptcy stay order is void, but on the otherhand say that when the bankruptcy is dismissed it is as though it never occurred, which presumably would include the stay order.
The determination that a claim is not being seriously pursued must be certain. Modeliste v. Sehorn, 94-1994, p. 3 (La.App. 4 Cir. 3/29/95), 653 So.2d 753, 756. Article 561 is to liberally interpreted, and any action or step taken to move the case toward judgment should be considered. Shulver v. Slocum, 566 So.2d 1089 (La.App. 2 Cir.1990), writ den. 569 So.2d 984 (La.1990). The law favors that an action be maintained whenever possible so that the aggrieved party has his day in court. Id. Article 561 is not designed to dismiss actions on mere technicalities. Id. The law recognizes an exception to the five year rule for abandonment when the failure to prosecute was due to circumstances beyond the plaintiff's control. Id.
The equitable considerations in this case[3] are closer in spirit to those found in Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4 Cir. 1976) where a motion to fix for trial defective as to form was found to be sufficient to constitute a "step" because of the intrinsic nature of the motion; as opposed to Picone v. Lyons, 94-2428 (La.App. 4 Cir. 4/26/95), 653 So.2d 1375, 1377 where interrogatories to *979 a non-party were held not to be a "step" in the prosecution because there is no codal recognition of interrogatories to non-parties, i.e., interrogatories to non-parties have no more legal status than a social letter or a birthday card.
Therefore, we hold that under the limited and narrow facts of this case that plaintiff's attempt to re-serve the original petitions constitutes a step in the prosecution of the case in the event the bankruptcy stay was retroactively voided when the bankruptcy was dismissed; and that if instead the filing of the original petitions is void as a result of the bankruptcy stay, then the attempt to re-serve those petitions is the equivalent of an initial filing. It was not the intention of LSA-C.C.P. art. 561 that a party be expected to resolve the complex conundrum presented by the unusual facts of this case which even the courts would find difficult and perplexing. It is sufficient that the plaintiff took steps to prosecute his claim that were reasonable given the peculiar facts of this case.
For the foregoing reasons the judgment of trial court is reversed.
REVERSED.
NOTES
[1] The trial court ruled that the Motions to Set for Trial filed on February 16, 1995 were filed several days too late because the five year period expired five years after the February 6, 1990 dismissal of the bankruptcy proceedings. This reasoning is erroneous because the bankruptcy was not dismissed until September of 1990. Therefore, even if this Court were to adopt the reasoning of the trial court, the five year period would not have expired until September of 1990, several months after the motions to set for trial had been filed.
[2] Nor do we reach the question of whether the bankruptcy stay order may have suspended the running of the five year period under LSA-C.C.P. art. 561.
[3] Defendants admit in their brief that plaintiff's name was "inadvertently" left off the list of credit of creditors in Wenzel's bankruptcy. Plaintiff contends he was never notified of the dismissal of the bankruptcy and that, therefore, any delays on the part of the plaintiff to prosecute these claims in a more timely fashion after the dismissal of the bankruptcy must be attributable to the fault of the plaintiff. We make no finding on this issue.