724 So.2d 275 (1998)
Sheldon Dwight SIBLEY
v.
Virganna Rae Weber SIBLEY.
No. 97 CA 1912.
Court of Appeal of Louisiana, First Circuit.
December 28, 1998.
*276 Alan S. Fishbein, Baton Rouge, for Virganna Rae Weber Sibley Defendant-Appellant.
Donna Wright Lee, Baton Rouge, for Sheldon Dwight Sibley Plaintiff-Appellee.
BEFORE: SHORTESS, C.J., CARTER, LeBLANC, GONZALES, and GUIDRY, JJ.
SHORTESS, C.J.
Louisiana Code of Civil Procedure article 3954 provides that a divorce action instituted under Civil Code article 102 is abandoned if a rule to show cause is not filed within two years of the service of the original petition or execution of written waiver of service of the original petition. The res nova issue before us is whether this two-year period is subject to exceptions.
Sheldon Dwight Sibley (Sibley) filed suit for an article 102 divorce in August 1994. His wife, Virganna Rae Weber Sibley (Weber), reconvened for an article 102 divorce in September 1994. Sibley later amended his suit to seek an article 103 divorce on the grounds of adultery. In August 1995 the trial court granted Sibley an article 103 divorce. Weber appealed, and on May 9, 1997, this court reversed the trial court, holding the trial court was clearly wrong in finding Sibley had overcome the presumption of Weber's innocence of adultery. We also stated: "Because the trial court never ruled on Weber[`s] and Sibley's petitions for divorce under Civil Code article 102, we must remand *277 this case to the trial court for further proceedings."[1]
Four days later, Sibley filed an ex parte motion to dismiss both his and Weber's article 102 divorce claims, which was granted. Weber appeals, seeking reinstatement of her action for divorce pursuant to article 102.
Sibley contends Code of Civil Procedure article 3954 is peremptive, i.e., that the two-year period for filing a rule to show cause cannot be extended and thus the article 102 divorce is abandoned by operation of law if the rule is not filed within that period. In the alternative, Sibley contends that if the time period can be suspended, it was not in this case because, according to Sibley, Weber was not prevented from going forward with the article 102 divorce while the article 103 divorce was on appeal.
Article 3954(B) provides: "This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of abandonment." Sibley contends this language makes it clear that the time delay cannot be extended. Weber, on the other hand, asserts the jurisprudence interpreting Code of Civil Procedure article 561, the general civil abandonment article, is analogous. Our courts have held that article 561 is subject to exceptions.
That above-quoted language of article 3954(B) is taken almost verbatim from article 561, as it read prior to July 1, 1998. In 1975 in Melancon v. Continental Casualty Company[2] our supreme court interpreted the language of article 561 as permitting two exceptions. The court noted that "both historically and theoretically, the rule on abandonment of actions is a species of liberative prescription." Two well-established rules of prescription are that it does not run against one who is unable to interrupt it and that it may be interrupted by acknowledgement.[3] Our jurisprudence thus recognizes that a case is not abandoned under article 561 if 1) the failure to prosecute was caused by circumstances beyond plaintiff's control or 2) the defendant waives his right to plead abandonment by taking action inconsistent with the intent to treat the case as abandoned.[4]
As the supreme court has interpreted this language in article 561 to permit exceptions, we conclude these same exceptions must apply to the almost identical language of article 3954(B). Having determined article 3954(B) is not peremptive but admits exceptions, we must determine whether the facts of this case fit the first exception. Was Weber prevented from proceeding with her 102 divorce action while the article 103 divorce judgment was on appeal?
Weber argues one cannot obtain two judgments of divorce, and thus she could not proceed with the article 102 divorce when a judgment of divorce already existed. The article 102 divorce proceeding was not reviewable under the appeal, and perhaps technically the trial court was not divested of jurisdiction over the article 102 divorce action while Weber appealed the article 103 divorce. Yet, from a practical standpoint, Weber was prevented from proceeding with the 102 divorce. What trial court would render a judgment of divorce when the parties were already divorced?
The law favors, and justice requires, that an action be maintained whenever possible so that the aggrieved party has the day in court to which he is entitled. Thus, abandonment provisions are to be interpreted liberally.[5] These provisions are not designed to dismiss actions on mere technicalities.[6] Justice would be ill served were we to find Weber should have attempted to commit the vain and useless act of attempting to convince the trial court to render two divorce *278 judgments in the same suit. It is sufficient that Weber did what was reasonable under the peculiar facts of this case.[7]
In summary, Code of Civil Procedure article 3954 is not peremptive; the exceptions to article 561 also apply to article 3954. Weber was prevented by circumstances beyond her control from going forward with the article 102 divorce while the appeal of the article 103 divorce was pending. The two-year period for filing the rule to show cause was suspended during the pendency of the appeal, and the trial court committed legal error in granting the ex parte motion to dismiss Weber's article 102 divorce action. Thus, the judgment of the trial court dismissing Weber's article 102 divorce action is reversed, and this case is remanded to the trial court for further proceedings. Costs of appeal are assessed to Sibley.
REVERSED AND REMANDED.
GONZALES, J., concurs in the result.
NOTES
[1] Sibley v. Sibley, 96-1544, p. 8 (La.App. 1st Cir.5/9/97), 693 So.2d 1270, 1274.
[2] 307 So.2d 308, 311 (La.1975).
[3] Id.
[4] Melancon, 307 So.2d at 311.
[5] Jones v. Phelps, 95-0607, p. 4 (La.App. 1st Cir.11/9/95), 665 So.2d 30, 34, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104.
[6] Jefferson Indoor Shooting Center v. New Orleans Sports, 95-1978, p. 4 (La.App. 4th Cir.3/14/96), 671 So.2d 976, 978.
[7] See Jefferson Indoor Shooting, 95-1978 at p. 5, 671 So.2d at 979.