849 So.2d 639 (2003)
Louann A. MUNDEN, Individually and as Executrix of the Succession of Donn Wiederhold, and as Natural Tutrix of the Estate of the Minor Child, Mason Andrew Munden
v.
The STATE of Louisiana, DIVISION OF ADMINISTRATION, Medical Review Panel, Mark C. Drennan, Commissioner of Administration, State of Louisiana and The State of Louisiana, Through the Board of Supervisors of Louisiana State University on Behalf of the Medical Center of Louisiana at New OrleansUniversity Campus.
No. 2001 CA 2326.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
*640 Ford J. Dieth, Metairie, for Plaintiff/Appellee, Louann A. Munden, et al.
J. Elliott Baker, New Orleans, for Defendant/Appellant, State of Louisiana, Division of Administration, Medical Review Panel, et al.
Before: CARTER, C.J., WHIPPLE, and CIACCIO,[1] JJ.
CARTER, C.J.
This appeal challenges the district court's issuance of a writ of mandamus directing the State of Louisiana, Division of Administration, Medical Review Panel (the Division), to re-institute and reopen the proceedings entitled "Louann A. Munden, et al v. Charity Hospital, et al.," and assigned medical review panel number 97MR360.

FACTS AND PROCEDURAL HISTORY
Louann A. Munden[2] instituted suit in the 19th Judicial District Court (19th JDC) seeking the issuance of a writ of mandamus or, alternatively, declaratory judgment. Made defendants were the Division, Mark C. Drennan, Commissioner of Administration, State of Louisiana and the State of Louisiana, through the Board of Supervisors of Louisiana State University on behalf of the Medical Center of Louisiana at New OrleansUniversity Campus. Munden alleged that the Division dismissed her medical malpractice complaint without complying with the statutory notice provisions of LSA-R.S. 40:1299.39.1 A(2)(c).
Prior to instituting suit in the 19th JDC, Munden filed a suit in the Civil District Court (CDC) for the Parish of Orleans seeking damages after Donn Wiederhold was shot and killed while a patient at Charity Hospital in New Orleans. Munden v. Charity Hospital and Medical Center of Louisiana at New Orleans, 99-1918, p. 1 (La.App. 4th Cir.12/15/99), 754 So.2d 281, 282. On the same date that suit was filed in CDC, Munden notified the Division of the incident at Charity Hospital and suit filed in CDC, but advised that a medical review panel was not necessary as plaintiff's suit raised allegations of general negligence. The Division responded, acknowledging that it had received the request for a medical review panel and instructing the parties to select an attorney chairman. Munden's counsel then sent correspondence to the Division again contending that no medical review panel was necessary *641 and requesting that someone from the Division contact him to discuss the matter.
The CDC sustained a dilatory exception raising the objection of prematurity and dismissed Munden's suit without prejudice because Munden's claims had not been presented to a medical review panel. Munden, 754 So.2d at 282. The Fourth Circuit Court of Appeal upheld the CDC's judgment. Munden, 754 So.2d at 286.
In her petition for mandamus, Munden alleged to the 19th JDC that after the Fourth Circuit ruled, she attempted to amend the petition she had filed in CDC, but later advised counsel for the State of Louisiana that she had no opposition to dismissing her suit and proceeding before a medical review panel. Thereafter, Munden learned that the Division had attempted to advise her that her complaint would be dismissed for failure to take action to secure an attorney chairman. The Division sent the correspondence containing that advisement via certified mail to Munden's counsel's former address. However, the post office returned the correspondence to the Division with a notation that the addressee's forwarding order had expired. Munden later learned that the Division dismissed her complaint effective September 8, 2000.
After a hearing, the 19th JDC issued a writ of mandamus ordering that Munden's claim be reopened. Defendants now appeal.

DISCUSSION
This case turns on the interpretation to be given LSA-R.S. 40:1299.39.1 A(2)(c), which provides:
The commissioner shall dismiss a claim ninety days after giving notice by certified mail to the claimant or the claimant's attorney if no action has been taken by the claimant or the claimant's attorney to secure the appointment of an attorney chairman for the state medical review panel within two years from the date the request for review of the claim was filed. (Emphasis added.)
The issue to be resolved is whether the Division complies with the statutory notice requirement simply by sending the notice via certified mail, or whether the Division must take additional measures to achieve notice when the notice is returned to the Division as undeliverable, thereby making the Division aware that notice was not effected. In this case, the Division mailed the notice, via certified mail, to plaintiff's counsel at his address of record. However, plaintiff's counsel had relocated his office some twenty months prior to that time. The post office returned the notice to the Division with a notation indicating that plaintiff's counsel had moved and the postal forwarding order had expired.
The function of statutory interpretation and the construction to be given to legislative acts rests with the judicial branch of government. Rougeau v. Hyundai Motor America, XXXX-XXXX, p. 5 (La.1/15/02), 805 So.2d 147, 151. The starting point in the interpretation of any statute is the language of the statute itself. A.K. Durnin Chrysler-Plymouth, Inc. v. Jones, XXXX-XXXX, p. 4 (La.App. 1st Cir.5/10/02), 818 So.2d 867, 870. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and its letter shall not be disregarded in search of the intent of the legislature or under the pretext of pursuing its spirit. A statute shall be construed to give meaning to the plain language of the statute, and courts may not extend statutes to situations that the legislature never intended to be covered. Id.
This court outlined the jurisprudence regarding statutory interpretation in Barrilleaux *642 v. NPC, Inc., 98-0728, p. 4 (La.App. 1st Cir.4/1/99), 730 So.2d 1062, 1064-1065, writ denied, 99-1002 (La.5/28/99), 743 So.2d 672, as follows:
When interpreting a law, the court should give it the meaning the lawmaker intended. It will not be presumed that the legislature intended for any part or provision of the law to be meaningless or useless. It is presumed that every word, sentence, or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. The meaning of a statute is to be interpreted by looking to all the sections taken together so that no section, clause, sentence or word becomes superfluous or meaningless.
Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. The legislature is presumed to have enacted each such statute with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of the statutory provision is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the legislature in enacting it. It is reasonable to conclude that the legislature, in passing a statute, did not intend to abrogate any prior law relating to the same subject matter. (Citations omitted.)
Additionally, we are mindful that LSA-R.S. 40:1299.39.1 A(2)(c) is an abandonment statute. In re Medical Review Panel of Ruth Jones, XXXX-XXXX, p. 4 (La. App. 1st Cir.6/22/01), 801 So.2d 471, 474, writs denied, 2001-2120 (La.11/2/01), 800 So.2d 877 and 2001-2145 (La.11/2/01), 800 So.2d 879. The law favors, and justice requires, that an action be maintained whenever possible so that the aggrieved party has the day in court to which he is entitled. Thus, abandonment provisions are to be interpreted liberally. Sibley v. Sibley, 97-1912, pp. 3-4 (La.App. 1st Cir.12/28/98), 724 So.2d 275, 277, writ denied, 99-0291 (La.3/26/99), 739 So.2d 792. With this and the established principles of statutory interpretation in mind, we now analyze the language of the statute with regard to the notice requirement.
The plain language of the statute requires the Commissioner of the Division to give notice to the claimant or the claimant's attorney by certified mail. The purpose of the requirement that notice be given by certified mail is to ensure receipt and facilitate proof thereof. Cf. Gilchrist Construction Co., Inc. v. Terral Riverservice, Inc., XXXX-XXXX, p. 6 (La.App. 3rd Cir.5/1/02), 819 So.2d 362, 366, writ denied, 2002-2121 (La.11/8/02), 828 So.2d 1119; City of New Orleans v. Cheramie, 509 So.2d 58, 61 (La.App. 1st Cir.), writ denied, 512 So.2d 463 (La.1987).
Ordinarily, the Division will satisfy the requirements of the statute by sending the notice via certified mail. However, when the notice is returned to the Division with notations indicating that the addressee has moved, the statute inherently requires that the Division take reasonable additional steps to give the claimant or the claimant's attorney the required notice. In the case sub judice, no additional steps were taken. Consequently, the requirements of the statute were not met.
The 19th JDC issued a writ of mandamus ordering that Munden's claim be reopened. Mandamus is an extraordinary remedy that should be applied only *643 where ordinary means fail to afford adequate relief. Board of Trustees of Sheriff's Pension and Relief Fund v. City of New Orleans, XXXX-XXXX, p. 2 (La.5/24/02), 819 So.2d 290, 292. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. LSA-C.C.P. art. 3863. The writ should be issued only in cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice. LSA-C.C.P. art. 3862; Board of Trustees of Sheriff's Pension and Relief Fund, 819 So.2d at 292. In this case, the Division failed to perform its obligation under LSA-R.S. 40:1299.39.1 A(2)(c), in that it did not take the necessary steps to provide Munden or her attorney with the statutorily-required notice. Accordingly, we find the writ of mandamus was properly issued.

CONCLUSION
For the reasons set forth herein, we find the writ of mandamus directing the State of Louisiana, Division of Administration, Medical Review Panel, to re-institute and reopen the proceedings entitled Louann A. Munden, et al. v. Charity Hospital, et al., and assigned medical review panel number 97MR360, was properly issued. The judgment appealed from is affirmed. Costs of this appeal in the amount of $1,113.44, are assessed to the State of Louisiana, Division of Administration, Medical Review Panel; Mark C. Drennan, Commissioner of Administration, State of Louisiana; and the State of Louisiana through the Board of Supervisors of Louisiana State University on behalf of the Medical Center of Louisiana at New OrleansUniversity Campus.
AFFIRMED.
NOTES
[1] Hon. Philip Ciaccio, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Munden instituted suit in her individual capacity and as executrix of the succession of Donn Wiederhold, and as natural tutrix of the estate of the minor child, Mason Andrew Munden.