868 So.2d 753 (2003)
Chad Anthony CHAMBERLAIN, by & Through His Curator, WILMER J. and His Undercuratrix, Beverly L. Chamberlain & Wilmer J. Chamberlain and Beverly L. Chamberlain
v.
John KENNEDY, Secretary of the Department of Revenue and Taxation, State of Louisiana.
No. 2003 CA 0488.
Court of Appeal of Louisiana, First Circuit.
December 31, 2003.
*754 William A. Porteous, III, New Orleans, Counsel for Plaintiffs/Appellees, Chamberlain.
David H. Hansen, Baton Rouge, Counsel for Defendant/Appellant, John Kennedy.
Otha Curtis Nelson, Jr., Baton Rouge, Counsel for Defendant/Appellant, Louisiana Department of Revenue.
*755 Before: WHIPPLE, KUHN, and MCDONALD, JJ.
WHIPPLE, J.
The Secretary for the Department of Revenue, State of Louisiana (referred to herein as "the Department") challenges a judgment of the district court reversing the decision of the Louisiana Board of Tax Appeals ("the Board"). The district court's judgment was based upon the court's finding that prejudgment interest constitutes "damages," and as such, is excluded from taxation as gross income pursuant to LSA-R.S. 47:46(2). For the following reasons, we dismiss the appeal as untimely.

BACKGROUND FACTS AND PROCEDURAL HISTORY
Plaintiff, Chad A. Chamberlain, was seriously injured on June 13, 1987 while swimming in a Houma canal, when he encountered an electric field under water caused by disrepair of the navigation light wiring on the Houma Canal Bridge. His parents, Wilmer and Beverly Chamberlain, appellees herein, filed suit against the owner of the bridge, the State of Louisiana, Department of Transportation and Development, individually and on their son's behalf. Judgment was awarded in favor of the Chamberlains and against the State of Louisiana, Department of Transportation and Development. See Chamberlain v. State, Department of Transportation and Development, 624 So.2d 874 (La.1993) and Chamberlain v. State, Department of Transportation and Development, 91-1942 (La.App. 1st Cir.3/11/94), 633 So.2d 871. The Louisiana Department of Transportation and Development subsequently paid the judgment.
The Louisiana Department of Revenue issued tax assessments to Chad, Wilmer, and Beverly Chamberlain for the 1994 tax year based on a referral from the United States Internal Revenue Service ("IRS"), which, pursuant to federal regulations, considered such prejudgment interest on the damage award as taxable income and not exempt as "damages on account of personal physical injuries or physical sickness."[1] Here, the Louisiana Department of Revenue merely "piggy-backed" the findings of the IRS assessments based on a Revenue Agent Report (RAR)[2] received from the IRS.[3]
Appellees did not report the prejudgment interest as income on their 1994 or 1995 state tax returns, believing that the interest received by them was part of their damage award and was exempt from taxation pursuant to LSA-R.S. 47:46(2).[4] Appellees disputed the state tax assessment and filed a petition with the Louisiana Board of Tax Appeals pursuant to LSA-R.S. *756 47:1431. After a hearing before the Board, the Board rendered a decision maintaining the assessments, citing LSA-R.S. 47:290[5] as authority for its decision. Appellees then filed a petition for judicial review with the district court pursuant to LSA-R.S. 47:1435, which sets forth the procedure for appellate review of decisions of the Board. After reviewing the entire record and hearing argument, the district court rendered judgment reversing the decision of the Board and issued written reasons for judgment. Specifically, the court concluded that prejudgment interest is not taxable income pursuant to LSA-R.S. 47:46, and that such interest expressly constitutes "an item of damages" pursuant to LSA-C.C. arts. 2000 and 2001.
The Department appeals the July 11, 2002 judgment of the district court, maintaining that the prejudgment interest awarded to appellees in their tort suit is taxable under Louisiana's income tax law. Appellees filed an answer to this appeal, for the sole purpose of preserving their claims and challenges set forth before the district court.

DISCUSSION
Pursuant to Louisiana's constitution and statutes, we review this case as a second court of appellate review. The Thirty-Second Judicial District Court is vested with the power of review of the decision of the Board of Tax Appeals herein. La. Const. Art. V, § 16; LSA-R.S. 47:1434-35. Thereafter, the ruling of the district court is subject to appellate review by suspensive appeal to this court, in the exercise of appellate jurisdiction over civil matters. La. Const. Art. V, § 10; LSA-R.S. 47:1435.
Judicial review of a decision of the Board is rendered upon the record as made before the board and is limited to facts developed in the record and questions of law. The Board's findings of fact should be accepted where there is substantial evidence in the record to support them and should not be set aside unless they are manifestly erroneous in view of the evidence on the entire record. Marathon Pipe Line Company v. Crawford, 2000-2753, p. 5 (La.App. 1st Cir.2/15/02), 808 So.2d 873, 877, writ denied, XXXX-XXXX (La.6/7/02), 818 So.2d 774; see also LSA-R.S. 47:1434. With regard to questions of law, the judgment of the Board should be affirmed if the Board has correctly applied the law and has adhered to the correct procedural standards. Secretary, Department of Revenue v. Calcasieu Refining Company, XXXX-XXXX, p. 6 (La.App. 1st Cir.9/28/01), 809 So.2d 1023, 1028.
However, at the outset, we are required to determine whether this case is properly before us for appellate review. Louisiana Revised Statute 47:1435 addresses appeals involving tax board decisions and provides, as follows:
The district courts shall have exclusive jurisdiction to review the decisions or judgments of the board, and the judgment of any such court shall be subject to further appeal, suspensive only, in accordance with law. If a suspensive appeal is taken from a judgment of the district court no further bond need be posted and the bond originally posted remains in full force and effect to guarantee the payment of any *757 tax, interest, and penalty until final decision of the court.
Upon such review, such courts shall have the power to affirm or, if the decision or judgment of the board is not in accordance with law, to modify, or to reverse the decision or judgment of the board, with or without remanding the case for further proceedings as justice may require.
Pursuant to LSA-C.C.P. art. 2123, a suspensive appeal must be filed within either thirty days of the expiration of the delay for applying for a new trial or JNOV, or the date of mailing of notice of the court's refusal to grant a timely application for new trial or judgment notwithstanding the verdict. The delay for applying for a new trial or a motion for JNOV is 7 days, exclusive of legal holidays, commending to run on the day after the clerk has mailed the notice of judgment. LSA-C.C.P. arts. 1971 and 1811. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and its letter shall not be disregarded in search of the intent of the legislature or under the pretext of pursuing its spirit. Munden v. State, Division of Administration, 2001-2326, p. 4 (La.App. 1st Cir.5/9/03), 849 So.2d 639, 641, writ denied, XXXX-XXXX (La.10/03/03), 855 So.2d 310. A statute shall be construed to give meaning to the plain language of the statute, and courts may not extend statutes to situations that the legislature never intended to be covered. A.K. Durnin Chrysler-Plymouth, Inc. v. Jones, XXXX-XXXX, p. 4 (La.App. 1st Cir.5/10/02), 818 So.2d 867, 870.
Here, the final judgment at issue on appeal was rendered by the district court on July 11, 2002. The Department did not file a motion for new trial or JNOV in this case. Further, the record reflects that notice of judgment was mailed on July 11, 2002, the same day the judgment was signed. Therefore, a suspensive appeal could be taken only within 30 days of the expiration of the delay for applying for a new trial or JNOV. Thus, in this case the delay for filing a JNOV or a new trial expired on July 22, 2002. In order to perfect a suspensive appeal, the Department would have had to file suit within 30 days of that date. It failed to do so. The Department filed a "Motion for Devolutive Appeal" on August 28, 2002, approximately forty-eight days after rendition of judgment and mailing of notice. Applying the plain language of the statute as written, the Department, failed to timely file a suspensive appeal in accordance with law.
The Department notes in its "Motion for Devolutive Appeal" that "[t]he Secretary of the Department of Revenue, State of Louisiana, is exempt from furnishing a bond, pursuant to LSA-R.S. 13:4581."[6] While the Department may be exempt from posting a bond herein, the Department is not exempt from the clear mandates set forth in LSA-R.S. 47:1435 that the judgment rendered by the district court below "shall" be subject to further appeal, "suspensive only." Accordingly, in order to timely file an appeal, the Department was required to take action within the applicable time period addressed in Article 2123.
*758 Because this court lacks jurisdiction to review the July 11, 2002 judgment, we dismiss this appeal. See LSA-C.C.P. art. 2162.

CONCLUSION
For the above and foregoing reasons, we dismiss the appeal as untimely. Further, the answer to appeal is likewise dismissed, as moot. Costs of this appeal in the amount of $1,297.79 are assessed against appellants, John Kennedy, the Secretary for the Department of Revenue, and the State of Louisiana.
APPEAL DISMISSED; ANSWER TO APPEAL DISMISSED AS MOOT.
NOTES
[1] As set forth in 26 U.S.C.A. § 104, the Federal tax scheme provides an exemption from gross income for "the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness." 26 U.S.C.A. § 104(2).
[2] The RAR is a form issued to state revenue departments by the IRS indicating the findings of an audit conducted by the IRS.
[3] Appellees had also received federal tax assessments from the IRS taxing the prejudgment interest awarded to them in the damage suit against the State of Louisiana. After initially contesting the assessments, appellees paid the federal tax assessment under protest.
[4] Louisiana Revised Statute 47:46 provides, in pertinent part:

Gross income does not include:
* * *
(2) the amounts of any damages received (whether by suit or agreement) on account of personal injuries or sickness.
[5] Louisiana Revised Statute 47:290 provides, in part:

A. This Part is intended to conform the Louisiana individual income tax law with the United States Internal Revenue Code, except as otherwise expressly provided, in order to simplify the taxpayer's filing of returns, reduce the taxpayer's accounting burden, and facilitate the collection and administration of these taxes.
[6] Louisiana Revised Statute 13:4581 provides:

The state, state agencies, political subdivisions, parish, and municipal boards or commissions exercising public power and functions, sheriffs, sheriffs' departments, and law enforcement districts, and the Patient's Compensation Fund, or any officer or employee thereof, shall not be required to furnish any appeal bond or any other bond whatsoever in any judicial proceedings instituted by or brought against them, that arise from activities within the scope and course of their duties and employment.