SHIRLEY W. FLEISCHMANN,
v.
KEITH W. HENDERSON, JENNIFER I. PARKER, NATIONAL AUTOMOTIVE INSURANCE COMPANY AND STATE OF LOUISIANA THROUGH THE DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
No. 2009 CA 1395.
Court of Appeals of Louisiana, First Circuit.
April 7, 2010.
Not Designated for Publication
RUSSELL L. DORNIER, Baton Rouge, LA, Counsel for Plaintiff/Appellant, Shirley W. Fleischmann.
KEVIN J. CHRISTENSEN, New Orleans, LA, Counsel for Defendant/Appellee, Keith Henderson and National Automotive Insurance.
Before: DOWNING, GAIDRY and McCLENDON, JJ.
DOWNING, J.
Plaintiff/appellant, Shirley W. Fleischmann, appeals a trial court order that dismissed her claims against Keith Henderson, and Henderson's insurer, National Automotive Insurance Company (NAIC) pursuant to the abandonment statute LSA-C.C.P. art. 561. We affirm for the following reasons.

PERTINENT FACTS AND PROCEDURAL HISTORY
This matter arose when a vehicle owned by Henderson and driven by Jennifer Parker struck and killed Thomas E. Fleischmann, Jr. while he was walking along the roadway. The accident occurred April 16, 2001. The victim's widow, Mrs. Fleischmann, filed suit April 5, 2002 naming as defendants Parker, Henderson, and NAIC. On September 25, 2002 Henderson and NAIC filed its answer into the suit record.
The State of Louisiana through Department of Transportation and Development (DOTD) was also named as a defendant in the original petition. Mrs. Fleischmann, however, served DOTD through the Secretary of State and not the Attorney General's Office as the law requires. Service on DOTD was not perfected until March 29, 2005. On June 23, 2005 DOTD filed a motion to dismiss pursuant to La. R.S. 13:5107D(1), since effective request for service was not made within ninety days of commencement of the action. DOTD's appearance in court, as required by La. R.S. 13:5107D(2), was solely for the purpose of hearing its motion to be involuntarily dismissed.
On September 19, 2005 the trial court held a contradictory hearing and ruled in favor of DOTD, thereby dismissing it as a defendant in the lawsuit. Judgment was signed December 8, 2005; no appeal was taken from that judgment.
Subsequently, on September 11, 2008, Mrs. Fleischmann filed a motion and order for a status conference, declaring that she desired to move forward with the lawsuit against the remaining defendants, Henderson and NAIC.
On December 10, 2008 Henderson and NAIC filed a motion and order to dismiss them from the lawsuit pursuant to LSA-C.C.P. art. 561 since no action had been taken for a period of three years. On December 10, 2008 the trial court signed an ex parte order dismissing Mrs. Fleischmann's suit.
On December 17, 2008 Mrs. Fleischmann filed a pleading entitled "Motion to Reconsider Ruling and Alternatively for New Trial," a memorandum in support of the motion was not filed until February 9, 2009. The matter was heard in open court on February 17, 2009; the district court denied the motion and affirmed its dismissal of Mrs. Fleischmann's suit.
Mrs. Fleischmann filed a devolutive appeal on April 9, 2009 claiming that the hearing held September 19, 2005 on DOTD's motion to dismiss pursuant to La. R.S. 13:5107D(1) was a step in the prosecution or defense that interrupted tolling the abandonment of her lawsuit against the other defendants.

DISCUSSION
The sole issue of this appeal is whether the filing of, and contradictory hearing held on, a motion to be dismissed by a party who was not properly served constitutes a step in the prosecution or defense of an action to preclude abandonment claims by the other parties.
Louisiana Code of Civil Procedure article 561(1) provides that an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years. Article 561 is self-executing; it occurs automatically upon the passing of three years without either party taking a step, and it is effective without a court order. Compensation Specialties, L.L.C. v. New England Mutual Life Insurance Company, 08-1549R, p. 5 (La.App. 2/13/09), 6 So.3d 275, 279, citing Clark v. State Farm Mutual Automobile Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779, 784.
The legislature has enacted certain procedures which must be followed when the state is named as a defendant in a lawsuit. The manner and time for the state to be notified is mandated by statute. Louisiana Revised Statutes 13:1507D(1) provides in pertinent part that in all suits which the state or a state agency is named as a party, service of citation shall be requested within ninety days of commencement of the action or the filing of a supplemental petition which initially names the state or a state agency. If service is not requested within that specified time, La. R.S. 13:5107D(2) provides in pertinent part that the action shall be dismissed without prejudice after contradictory motion.
Mrs. Fleischmann, citing Charpentier v. Goudeau, 95-2357 (La.App. 4 Cir. 3/14/96), 671 So.2d 981 and Jefferson Indoor Shooting Center, Inc. v. New Orleans Sports, Inc., 95-1978, 95-1079 (La.App. 4 Cir. 3/14/96), 671 So.2d 976, argues that any action or step taken that moves the case forward should be considered a step to preclude the abandonment statute. Citing Delta Development Company, Inc. v. Jurgens, 456 So.2d 145, (La 1984), she also argues that any formal action taken by any party in the lawsuit is effective as to all parties. Therefore, she argues that the order filed by DOTD and the hearing held pursuant to that order were actions moving the case forward, and preclude abandonment claims by other defendants.
Here, the record reflects that no sufficient action was taken in this case from September 25, 2002, when NAIC answered the suit, until June 23, 2005 when DOTD moved to be dismissed because it was not served with the petition within the ninety-day time period as specified by law.
We recognize that the Louisiana Supreme Court has held that the actions of one defendant, even though un-served, can still preclude abandonment claims as to the other defendants. In Bissett v. Allstate Insurance Company, 567 So.2d 598 (La. 1990), the supreme court reversed an appellate court and adopted the dissenting opinion which reasoned that the action of one defendant, even though it had not been served with the petition, precluded abandonment claims as to the other defendants. The dissenting opinion in the appellate case, Bissett v. Allstate Insurance Company, 570 So.2d 880, 887 (La.App. 1 Cir. 1990), which was adopted by the higher court, stated that the case should not be abandoned because "there is absolutely no indication that either side intended to abandon the case."
The present case, on the other hand, is distinguishable from Bissett in that all of the defendants in Bissett had continuously taken part in discovery, including giving depositions. Here, no action whatsoever occurred after Henderson and NAIC answered the suit until the motion to be dismissed was filed by DOTD.
The failure of a plaintiff to have a party served is not moving the case forward to hasten the matter to judgment. Therefore, we conclude it follows that the action of that un-served party obtaining its dismissal from the lawsuit should not be considered a step in the prosecution as to the other defendants to preclude them from taking advantage of the abandonment statute. Cf. Turner v. Marine Inland Transportation Co., 08-594, p. 4 (La.App. 5 Cir. 1/13/09), 7 So.3d 756, 758. Thus, the formality of DOTD filing its motion for involuntary dismissal to be released from the lawsuit is not a step in the prosecution as contemplated by LSA-C.C.P. art. 561. Accordingly, the assignment of error is without merit.

DECREE
For the foregoing reasons, we affirm the order dismissing the suit against Keith Henderson and National Automotive Company. The cost of this appeal is assessed against Plaintiff/appellant, Shirley W. Fleischmann.
AFFIRMED.
McCLENDON, J., dissents and assigns reasons.
Louisiana Code of Civil Procedure article 561 provides, in pertinent part, that w[a]n action...is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years." [Emphasis added.] Article 561 has been construed as imposing three requirements. First, a party must take some step in the prosecution or defense of the action. A "step" is defined as taking any formal action before the court intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. LSA-C.C.P. art. 561(B). Second, a party must take that step in the trial court and, with the exception of formal discovery, on the record of the suit. Third, a party must take the step within three years of the last step taken by either party. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, pp. 5-6 (La. 5/15/01), 785 So.2d 779, 784.
In this case, NAIC answered plaintiff's petition on September 25, 2002. The next action in the record of the suit, other than a motion filed by NAIC to substitute counsel of record,[1] is DOTD's June 23, 2005, motion to dismiss, wherein DOTD alleged insufficiency of service of process pursuant to LSA-R.S. 13:5107(D). Clearly the motion was of record. However, to stop the tolling of the abandonment period, it must also be considered a "step" in the defense that hastens the suit toward judgment. In this context, the phrase "hastens the suit toward judgment" must be viewed through the lens of the defense. DOTD's motion to dismiss was essentially a declinatory exception, although not formally labeled as one. The declinatory exception is a means of defense used by the defendant to dismiss the action brought by the plaintiff. LSA-C.C.P. art. 921. When considered from the perspective of the defense and in light of the liberal interpretation required under Article 561,[2] I am unable to conclude that DOTD's motion to dismiss is not a "step" in the defense intended to hasten the matter to judgment.
Although DOTD's motion to dismiss was filed more than three years prior to plaintiff's September 11, 2008, motion and order for status conference, a minute entry indicates that the trial court held a hearing on DOTD's motion on September 19, 2005. The minute entry also reflects that counsel for both plaintiff and DOTD appeared and presented arguments. Accordingly, because DOTD's Motion to Dismiss is deemed a "step" in the defense, it follows that the hearing on DOTD's motion, combined with the formal appearance by counsel at said hearing, are sufficient to toll the running of the abandonment period. Cf. Reed v. Finklestein, 01-1015 (La.App. 4 Cir. 1/16/02), 807 So.2d 1032, writ denied, 02-0550 (La. 4/26/02), 814 So.2d 560.
Thus, I cannot conclude that this matter was abandoned pursuant to LSA-C.C.P. art. 561, and I respectfully dissent.
NOTES
[1] It is well settled that the filing of motion to substitute counsel does not constitute a step in the prosecution or defense of the action that will serve to interrupt prescription of the abandonment period. James v. Formosa Plastics Corp. of Louisiana, 2001-2056, p. 9 (La.4/3/02), 813 So.2d 335, 341.
[2] Article 561 has been liberally construed in favor of maintaining a plaintiff's suit. Clark 00-3010, p. 8, 785 So.2d at 785.