# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-1081

**TODD GRANTHAM**

**VERSUS**

**BONNIE JOHNSON**

\*\*\*\*\*\*\*\*\*\*\*\*

### APPEAL FROM THE
### THIRTY-SIXTH JUDICIAL DISTRICT COURT
### PARISH OF BEAUREGARD, NO. C-2010-0375
### HONORABLE C. KERRY ANDERSON, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

### J. DAVID PAINTER
### JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of J. David Painter, Phyllis M. Keaty, and John E. Conery, Judges.

**REVERSED AND REMANDED.**

Mitchel M. Evans, II
416 North Pine Street
DeRidder, LA 70634
COUNSEL FOR DEFENDANT-APPELLANT:
    Bonnie Johnson

Tina L. Wilson
723 Broad Street
Lake Charles, LA 70601
COUNSEL FOR PLAINTIFF-APPELLEE:
    Todd Grantham

**PAINTER, Judge.**

Defendant, Bonnie Johnson, appeals the trial court's judgment granting Plaintiff, Todd Grantham's, motion for summary judgment and declaring that Johnson's homestead exemption had been forfeited. For the following reasons, we reverse the judgment of the trial court and remand for further proceedings.

## FACTS

In October 2005, judgment was rendered against Darren Johnson, Bonnie Johnson, and Debbie Mathis awarding damages to Todd Grantham resulting from a conspiracy by them "to inflict injury by gunshot upon plaintiff, **TODD GRANTHAM**." Additionally, Darren Johnson pled guilty to a criminal charge of attempted second degree murder. The record contains no indication of a criminal conviction against either Defendant herein or Mathis.[1] In April 2010, Plaintiff filed this suit asking for a declaratory judgment declaring the homestead exemption inapplicable to certain property owned by Bonnie Johnson and asserting that the obligation arose out of a conviction of a felony. *See* La.R.S. 20:1(C)(8). Plaintiff filed a motion for summary judgment with regard to the applicability of the homestead exemption to the property. The trial court granted the motion and rendered judgment in favor of Plaintiff. Defendant appeals.

## DISCUSSION

"After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted." La.Code Civ.P. art 966. "The interpretation of a statute is a question of law that may be decided by summary judgment." *State Farm Mut. Auto. Ins. Co. v. U.S. Agencies, L.L.C.*, 05-

---

[1] Defendant in brief indicates that the charges brought against her and Mathis were dropped.

728, p. 3 (La.App. 1 Cir. 3/24/06), 934 So.2d 745, 747, *writ denied*, 06-933 (La. 6/16/06), 929 So.2d 1288.

The homestead exemption for homeowners is established by La.Const. art. 7, § 20. Louisiana Revised Statutes 20:1(A)(2) provides that:

> The homestead is exempt from seizure and sale under any writ, mandate, or process whatsoever, except as provided by Subsections C and D of this Section. This exemption extends to thirty-five thousand dollars in value of the homestead, except in the case of obligations arising directly as a result of a catastrophic or terminal illness or injury, in which case the exemption shall apply to the full value of the homestead based upon its value one year before such seizure. This homestead exemption from seizure and sale shall extend automatically to the proceeds from any property insurance policy received as a result of damage caused by a gubernatorially declared disaster to a homestead and that are held separately in an escrow account identified as insurance proceeds paid from the damage of a homestead for its repair or replacement.

However, La.R.S. 20:1(C) provides for certain debts to which the homestead exemption will not apply, including: "any obligation arising from the conviction of a felony or misdemeanor which has the possibility of imprisonment of at least six months." La.R.S.20:1(C)(8).

Plaintiff argues that because the judgment of the court awarded damages for a conspiracy to injure him, and because Darren Johnson was convicted of a felony as a result of the actions which led to the civil judgment against Defendant, the judgment arises out of Darren Johnson's conviction and that, as a result, the homestead exemption does not apply to Defendant's property. The trial court in oral reasons for ruling stated:

> To me, I read that case more in terms of how do you define the words "arising from"? What does that mean? And whether you cite the Ellis case for that or whether you get out the Webster's dictionary, it means those things: originating from, growing out of, flowing from, arising out of.
>
> The comparison issues that the Court looks to would be things like, under bankruptcy law, you cannot discharge a debt for an intentional tort. And that's what Ms. Johnson was found to have

2

committed. She was found specifically by the Court in a judgment that has been rendered final—there was no appeal, and that is a final judgment—that she conspired with the shooter to commit murder. It was attempted murder because the person didn't die, of that individual.

And I cannot go behind that judgment to determine whether I think that that was an appropriate judgment or not an appropriate judgment. That judgment is final and found that Ms. Johnson was a co-conspirator. There's no factual question. She was not criminally convicted, but her co-conspirator under this judgment that she is solidarily liable with was convicted. And so, to me, the plain reading of that language is this is an obligation arising from the conviction of a felony.

. . . .

The only other like matter that I can compare it with is the solidary obligation articles of the Civil Code, which finds that a solidary obligor is responsible for the entirety of a debt with their other solidary obligors, even if they're only -- There's no apportionment of fault. Although I realize the judgment in this matters found that although Ms. Johnson was solidarily liable with Mr. Johnson and Ms. Mathis, the Court apportioned percentages of fault. For what purpose, I'm not sure. But the law seems to be clear to me that solidary means solidary.

On appeal, Defendant asserts that this interpretation of the statute was erroneous. Since this matter concerns interpretation of a statute, which is a question of law, as well as a motion for summary judgment, it must be reviewed by the court *de novo. Broussard v. Hilcorp Energy Co.*, 09-449 (La. 10/20/09), 24 So.3d 813.

When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and its letter shall not be disregarded in search of the intent of the legislature or under the pretext of pursuing its spirit. *Munden v. State, Division of Administration*, 2001-2326, p. 4 (La.App. 1st Cir.5/9/03), 849 So.2d 639, 641, *writ denied*, 2003-1532 (La.10/03/03), 855 So.2d 310. A statute shall be construed to give meaning to the plain language of the statute, and courts may not extend statutes to situations that the legislature never intended to be covered. *A.K. Durnin Chrysler-Plymouth, Inc. v. Jones*, 2001-0810, p. 4 (La.App. 1st Cir.5/10/02), 818 So.2d 867, 870.

3

*Chamberlain ex rel. Wilmer J. v. Kennedy*, 03-488, pp. 5-6 (La.App. 1 Cir. 12/31/03), 868 So.2d 753, 757.

We further note that "[t]he right of homestead exemption is in this state a constitutional right, and the terms by which it is granted should not be narrowed by either the legislature or the courts." *Lyons v. Andry*, 31 So. 38, 39-40, 106 La. 356, (La. 1901); *see also In re Chalin*, 21 B.R. 885 (W.D. La. 1982). Also relevant to our interpretation of this statute is the fact that the provision by which Plaintiff seeks to deny Defendant her homestead exemption is penal in nature. "[I]t is likewise well established that penal statutes are strictly construed." *Fontenot v. Reddell Vidrine Water Dist.*, 02-439, p. 7 (La. 1/14/03), 836 So.2d 14, 20. Therefore, it is incumbent upon this court to narrowly interpret the provision of La.R.S. 20:1(C)(8) which Plaintiff is attempting to use to relieve Defendant of her homestead exemption. We cannot, therefore, broaden this exception to the homestead exemption to circumstances other than those clearly intended by the legislature, i.e., where the person claiming the homestead exemption has been convicted of "a felony or misdemeanor which has the possibility of imprisonment of at least six months." Since Bonnie Johnson has not been so convicted, the obligation sought to be enforced does not arise out of a conviction for the purposes of La.R.S. 20:1. Accordingly, we find that Plaintiff is not entitled to summary judgment as a matter of law.

## CONCLUSION

For these reasons, the judgment granting Plaintiff's motion for summary judgment is reversed. This matter is remanded to the trial court for further proceedings in keeping with this court's determinations herein. Costs of this appeal are assessed to Plaintiff, Todd Grantham.

**REVERSED AND REMANDED.**