STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-959

JULIE DUPONT

VERSUS

ACADIAN AMBULANCE SERVICE, INC.
************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 04
PARISH OF LAFAYETTE, NO. 06-07410
HONORABLE ADAM JOHNSON, JUDGE

************

J. DAVID PAINTER
JUDGE

************

Court composed of J. David Painter, Phyllis M. Keaty, and John E. Conery, Judges.

**AFFIRMED.**

K. Wade Trahan
P.O. Drawer 52606
Lafayette, LA 70505-2606
COUNSEL FOR DEFENDANT-APPELLANT:
    Acadian Ambulance Service, Inc.

Mark L. Riley
300 Stewart Street
Lafayette, LA 70501
COUNSEL FOR PLAINTIFF-APPELLEE:
    Julie Dupont

**PAINTER, Judge.**

Defendant, Acadian Ambulance Service, Inc. (Acadian), appeals the judgment of the trial court granting Claimant's motion for partial summary judgment and dismissing Acadian's claims under La.R.S. 23:1208. For the following reasons, we affirm.

## DISCUSSION

Richard Dupont was injured in a vehicular collision while in the course and scope of his employment for Acadian. He received workers' compensationbenefits and was released to light duty work. He was sent by Acadian to work at Delta Downs Race Track & Casino (Delta Downs) and worked there from July 2004 until November 15, 2004. At that time, Delta Downs terminated his employment as a result of an incident in which Claimant allegedly falsified documentation connected with the administration of a prescription drug, nitroglycerin, to a patron. That dismissal is not before the court at this time.

Claimant's doctor increased the restrictions on his employment. In the course of determining Claimant's physical abilities, a meeting was held. Claimant did not attend the meeting. Acadian asserts that during that meeting, Claimant's attorney stated that Claimant was terminated from his employment at Delta Downs because he was physically unable to perform his duties. Acadian then terminated Claimant's benefits.

Claimant filed a disputed claim for compensation. Acadian asserted the provisions of La.R.S. 23:1208 as an affirmative defense. Claimant died; his wife, Julie Dupont, was substituted as a party, and she seeks the benefits which should have been paid to her husband during his lifetime. She filed a motion for partial summary judgment dismissing the Section 1208 defense. The WCJ granted the motion on February 14, 2012. A trial on the merits was held on March 7, 2013. The

1

WCJ asked for post-trial briefs and ruled in favor of Julie Dupont ordering payment of Supplemental Earnings Benefits (SEB) plus interest from September 26, 2006, through the date of Claimant's death on December 6, 2009. Acadian appeals. Julie Dupont filed an answer to the appeal asking that the hearing officer's judgment be amended to include penalties and attorney's fees and for additional attorney's fees on appeal.

## DISCUSSION

*Forfeiture of Benefits*

On appeal, Acadian asserts that the Worker's Compensation Judge (WCJ) failed to correctly apply La.R.S. 23:1208 to forfeit claimant's benefits because of his attorney's misrepresentation.

Louisiana Revised Statutes 23:1208 provides in pertinent part that:

A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.

B. It shall be unlawful for any person, whether present or absent, directly or indirectly, to aid and abet an employer or claimant, or directly or indirectly, counsel an employer or claimant to willfully make a false statement or representation.

C. (1) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of ten thousand dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or fined not more than ten thousand dollars, or both.

(2) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of two thousand five hundred dollars or more, but less than a value of ten thousand dollars shall be imprisoned, with or without hard labor, for not more than five years, or fined not more than five thousand dollars, or both.

(3) Whoever violates any provision of this Section, when the benefits claimed or payments obtained have a value of less than two thousand five hundred dollars, shall be imprisoned for not more than six months or fined not more than five hundred dollars, or both.

2

(4) Notwithstanding any provision of law to the contrary which defines "benefits claimed or payments obtained", for purposes of Subsection C of this Section, the definition of "benefits claimed or payments obtained" shall include the cost or value of indemnity benefits, and the cost or value of health care, medical case management, vocational rehabilitation, transportation expense, and the reasonable costs of investigation and litigation.

. . . .

E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.

This matter requires that this court interpret this statute to determine whether it requires that the misrepresentation of an attorney result in the forfeit of his client's benefits. This is a question of law and must be reviewed by the court *de novo*. *Broussard v. Hilcorp Energy Co.*, 09-449 (La. 10/20/09), 24 So.3d 813.

When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and its letter shall not be disregarded in search of the intent of the legislature or under the pretext of pursuing its spirit. *Munden v. State, Division of Administration*, 2001-2326, p. 4 (La.App. 1st Cir.5/9/03), 849 So.2d 639, 641, *writ denied*, 2003-1532 (La.10/03/03), 855 So.2d 310. A statute shall be construed to give meaning to the plain language of the statute, and courts may not extend statutes to situations that the legislature never intended to be covered. *A.K. Durnin Chrysler-Plymouth, Inc. v. Jones*, 2001-0810, p. 4 (La.App. 1st Cir.5/10/02), 818 So.2d 867, 870.

*Chamberlain ex rel. Wilmer J. v. Kennedy*, 03-488, pp. 5-6 (La.App. 1 Cir. 12/31/03), 868 So.2d 753, 757.

Further, since the statute is penal in nature, it must be strictly construed. *Fontenot v. Reddell Vidrine Water Dist.*, 02-439 (La. 1/14/03), 836 So.2d 14. The statute at issue distinguishes between those penalties which accrue to "any person" violating its provisions and those which accrue when "the employee" violates its provisions. The penalty of forfeiture of benefits accrues only where the employee violates the statutory prohibition. Therefore, even if counsel for Claimant violated

3

the provisions of La.R.S. 23:1208, forfeiture of benefits is not one of the penalties which may be imposed.

Accordingly, we find no error in the trial court's determination that forfeiture of benefits was not appropriate. Having so found, we need not determine whether counsel for claimant made false statements for the purpose of obtaining benefits for claimant.

*Penalties & Attorney's Fees*

Appellee answered the appeal asking that the original award be amended to include penalties and attorney's fees for failure to timely pay benefits, as well as for additional attorney's fees on appeal.

Louisiana Revised Statutes 23:1201 provides in pertinent part that:

> F. Except as otherwise provided in this Chapter, failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. Penalties shall be assessed in the following manner:
>
> (1) Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault. No workers' compensation insurance policy shall provide that these sums shall be paid by the insurer if the workers' compensation judge determines that the penalty and attorney fees are to be paid by the employer rather than the insurer.

4

(2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.

In reviewing the trial court's failure to award penalties and attorney's fees, we note that: "The workers' compensation judge's determination of whether a defendant is subject to penalties and attorney fees . . . is a question of fact subject to the manifest error--clearly wrong standard of review." *Pickett v. J.B. Tuck Land Clearing*, 12-1409, p. 8 (La.App. 3 Cir. 5/1/13), ___ So.3d ___, ___ (citation omitted).

> In determining whether a defendant's actions are arbitrary and capricious under La.R.S. 23:1201(I), "the crucial inquiry is whether the employer can articulate an objective reason for terminating benefits at the time of the termination." *Williams v. Tioga Manor Nursing Home*, 09-417, p. 22 (La.App. 3 Cir. 11/18/09), 24 So.3d 970, 984, *writ denied*, 10-298 (La.4/09/10), 31 So.3d 389 (quoting *Doyal v. Vernon Parish Sch. Bd.*, 06-1088, p. 10 (La.App. 3 Cir. 2/7/07), 950 So.2d 902, 909, *writ denied*, 07-832 (La.6/15/07), 958 So.2d 1190).

*Brown v. Shop Rite, Inc.*, 11-727, p. 12 (La.App. 3 Cir. 11/2/11), 75 So.3d 1002, 1010, *writ denied*, 11-2647 (La. 2/10/12), 80 So.3d 480.

It appears that the employer had an objective reason for terminating benefits at the time of the termination, although we disagree with that reason. Therefore, we find no error in the WCJ's failure to award penalties and attorney's fees.

However, we will make an award of $3,000.00 in attorney's fees for work done successfully defending the WCJ's judgment herein. *See Vital v. Landmark of Lake Charles*, 13-842 (La.App. 3 Cir. __/__/14), ___ So.3d ___.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Appellee is awarded the amount of $3,000.00 as attorney's fees on appeal. Costs of this appeal are assessed to the Defendant-Appellant.

AFFIRMED.